/543-14

ORIGINAL

PDR Case No. PD-1543-14

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

TEX. R. APP. P. 68

=====================================================================

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 26 2015

Abel Acosta, Clerk

RUSSELL JAY REGER

Petitioner, Pro Se.

- Vs. -

THE STATE OF TEXAS

Respondent

FILED IN
COURT OF CRIMINAL APPEALS

JAN 30 2015

Abel Acosta, Clerk

=====================================================================

ON PETITION FOR DISCRETIONARY REVIEW FROM
THE SECOND DISTRICT COURT OF APPEAL ORDER(S)-
MEMORANDUM OPINION AND EN BANC RECONSIDERATION OF
APPELLATE COURT'S PER CURIAM ORDER DATED
JANUARY 30, 2014 AND SEPTEMBER 18, 2014,
RELATING TO SUBSEQUENT MOTION FOR FORENSIC DNA
TESTING UNDER CHAPTER 64 CODE OF CRIMINAL PROCEDURE
IN APPELLATE CAUSE NO. 02-12-00178-CR

=====================================================================

ORIGINAL PETITION FOR DISCRETIONARY REVIEW

=====================================================================

rjr

ORAL ARGUMENT: REQUESTED

Petitioner, Pro Se.
Russell Jay Reger #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8749
(325)548-9035
www.free-rusty-reger.com

## IDENTITY OF JUDGES, PARTIES, AND COUNSEL

=================================================================

### PETITIONER, PRO SE.

Russell Jay Reger #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8749
(325)548-9035
www.free-rusty-reger.com

### PARTICIPATING JUDGES

Hon. Judge Robb D. Catalano
CRIMINAL DISTRICT COURT NUMBER THREE
401 W. Belknap St., 7th Floor
Fort Worth, Texas 76196-0402
(817)884-1252

Hon. Roger Jeffery "Jeff" Walker
Former Presiding Judge
EIGHTH ADMINISTRATIVE JUDICIAL REGION
401 W. Belknap St., 5th Floor
Fort Worth, Texas 76196
(817)884-1558

Hon. Jerry W. Woodlock
Senior Visiting District Judge
P.O. Box 659
Gainesville, Texas 76241-0659

### RESPONDENTS COUNSEL / WITH RELATIVE TO DECEDENT*

Steven Waller Conder (SBOT No. 04656510)*
James O. Williams (SBOT No. 24004990)
Charles Reynolds (SBOT No. 00789580)
Ashley D. Fourt (SBOT No. 00792096)
Charles M. Mallin, Appellate Section Chief
Assistant District Attorneys
401 W. Belknap St., 9th Floor
Fort Worth, Texas 76196-0201
(817)884-1400
www.tarrantda.com -or- www.tarrantcounty.com

- i -

## TABLE OF CONTENTS

===============================================================================
SUBJECT:                                                              PAGE[S]
===============================================================================

IDENTITY OF JUDGES, PARTIES, AND COUNSEL .. .. .. .. .. .. .. .. .. .. .. I
TABLE OF CONTENTS .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .II
INDEX OF AUTHORITIES .. .. .. .. .. .. .. .. .. .. .. .. .. .. III - Iv
STATEMENT REGARDING ORAL ARGUMENT .. .. .. .. .. .. .. .. .. .. .. ..v

   I.     STATEMENT OF THE CASE .. .. .. .. .. .. .. .. .. .. .. 1 - 2
   II.    STATEMENT OF PROCEDURAL HISTORY .. .. .. .. .. .. .. .. .. 3
   III.   GROUNDS FOR REVIEW .. .. .. .. .. .. .. .. .. .. .. .. 3 -16

**GROUND ONE:**

THE APPELLATE COURT ERRED BY FAILING TO ADEQUATELY REVIEW THE ENTIRE RECORD AND DISCERN THAT THE MARCH 13, 2012 FINAL ORDER [APPENDIX-A] SUFFERED FROM CARELESS DRAFTSMANSHIP NOT INTENDED TO RE-DENY APPOINTMENT OF COUNSEL ON DNA WHEN ALL PARTIES AND THE TRIAL COURT TREATED IT AS A FINAL APPEALABLE ORDER DENYING SUBSEQUENT MOTION FOR DNA TESTING - "OBVIOUSLY NOT INTERLOCUTORY."

   REASONS FOR REVIEW: .. .. .. .. .. .. .. .. .. .. .. .. .. ..3
   ARGUMENT: .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 3 - 11

**GROUND TWO:**

THE APPELLATE COURT ERRED WHEN FAILING TO REVIEW THE ENTIRE RECORD OR ADDRESS EVERY ISSUE AND ALTERNATIVE ARGUMENT RAISED BY THE PARTIES AND NECESSARY TO FINAL DISPOSITION OF DIRECT APPELLATE REVIEW AS REQUIRED UNDER TEX. R. APP. P. 47.1.

   REASONS FOR REVIEW: .. .. .. .. .. .. .. .. .. .. .. .. .. 12
   ARGUMENT: .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..12 - 16

   IV.   PRAYER FOR RELIEF .. .. .. .. .. .. .. .. .. .. .. .. .. 16
   V.    VERIFICATION .. .. .. .. .. .. .. .. .. .. .. .. .. .. 16
   VI.   CERTIFICATE OF SERVICE .. .. .. .. .. .. .. .. .. .. .. .. 17

===============================================================================

**APPENDIX SECTION:**

APPENDIX- A: FINDINGS AND ORDER MARCH 13, 2012 [DNA2] CR @ 273-274
APPENDIX- B: FINDINGS AND ORDER OF SEPTEMBER 13, 2012 [DNA2] 2nd Supp. CR @ 7-8
APPENDIX- C: MEMORANDUM OPINION OF SEPTEMBER 18, 2014 (Appellate Opinion)
APPENDIX- D: LETTER / BRIEF [CONSANGUINITY] OF JANUARY 29, 2014 (Filed 02/03/14)
APPENDIX- E: PER CURIAM ORDER OF JANUARY 30, 2014 [CONSANGUINITY]
APPENDIX- F: PER CURIAM ORDER OF SEPTEMBER 18, 2014 [CONSANGUINITY]
APPENDIX- G: ABATEMENT ORDER OF SEPTEMBER 10, 2012 [DNA2] 2nd Supp. CR @ 4-6
APPENDIX- H: ORDER DENYING MOTION FOR REHEARING [APPENDIX- C] (Dated: 10/23/14)

[PDR]

# INDEX OF AUTHORITIES

===================================================================

**SUBJECT:**                                                    **PAGE[S]**

===================================================================

**CASE LAW:**

Ahmad v. State, 158 S.W.3d 525 (Tex.App.-Fort Worth 2004) .. .. .. .. .. ... 10

Baker v. State, 185 S.W.3d 894 (Tex.Crim.App.2006) .. .. .. .. .. .. 11

Bridle v. State, 16 S.W.3d 906 (Tex.App.-Fort Worth 2000) .. .. .. .. 10

Chavez v. State, 2010 Tex. App. LEXIS 6163 (Tex.App.-Fort Worth 2010) .. .. 10

Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274 (Tex.1996) .. .. .. .. 9

Cook v. State, 240 S.W.3d 906 (Tex.Crim.App.2007) .. .. .. .. .. .. ..7

Ex parte Chabot, 300 S.W.3d 768 (Tex.Crim.App.2009) .. .. .. .. .. ..15

Ex parte Dopps, 723 S.W.2d 669 (Tex.Crim.App.1986) .. .. .. .. .. .. ..10

Ex parte Franklin, No. WR-44,521-03 (Tex.Crim.App.2014) .. .. .. .. .. ..15

Ex parte Ghahremani, 332 S.W.3d 470 (Tex.Crim.App.2011) .. .. .. .. .. ..15

Ex parte Henderson, 384 S.W.3d 833 (Tex.Crim.App.2012) .. .. .. .. .. 14-15

Ex parte Mines, 26 S.W.3d 910 (Tex.Crim.App.2000) .. .. .. .. .. ..15

Ex parte Padilla, 2010 Tex. App. LEXIS 9774 (Tex.App.-Austin 2010) .. .. .. .9

Ex parte Poe, 751 S.W.2d 873 (Tex.Crim.App.1988) .. .. .. .. .. .. .. ..10

Ex parte Reger, No. WR-38,770-01 (Tex.Crim.App.1998) .. .. .. .. .. .. .. 2

Fry v. State, 112 S.W.3d 611 (Tex.App.-Fort Worth 2003) .. .. .. .. .. ..10

Gamez v. State, 737 S.W.2d 315 (Tex.Crim.App.1987) .. .. .. .. .. .. .. 4

Garcia v. State, 291 S.W.3d 1 (Tex.App.- Corpus Christi 2008) .. .. .. .. .. 8

Gutierrez v. State, 307 S.W.3d 318 (Tex.Crim.App.2010) .. .. .. .. .. 8 ,9 ,11

Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002) .. .. .. .. .. .. .. ..15

Hilburn v. State, 946 S.W.2d 885 (Tex.App.-Fort Worth 1997) .. .. .. .. .. 10

In re Hamilton, 975 S.W.2d 758 (Tex.App.-Corpus Christi 1998) .. .. .. ..10

In re Johnston, 79 S.W.3d 195 (Tex.App.-Texarkana 2002) .. .. .. .. .. 9

In re Morton, 326 S.W.3d 634 (Tex.App.-Austin 2010) .. .. .. .. .. .. 9

Jenerette v. State, 2013 Tex. App. LEXIS 7284 (Tex.App.-Fort Worth 2013) .. ..10

Kombuto v. State, 171 S.W.3d 888 (Tex.Crim.App.2005) .. .. .. .. .. ..15

Kutzner v. Montgomery, Co., 303 F.3d 339 (5th Cir. 2002) .. .. .. .. .. ..15

Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex.2001) .. .. .. .. .. .. 6 ,8 ,9

Light v. State, 15 S.W.3d 104 (Tex.Crim.App.2000) .. .. .. .. .. .. .. ..15

M.O. Dental Lab v. Rape, 139 S.W.3d 671 (Tex.2004) .. .. .. .. .. .. ..6 ,8

Montanez v. State, 195 S.W.3d 101 (Tex.Crim.App.2006) .. .. .. .. .. .. 8

Pitts v. State, 916 S.W.2d 507 (Tex.Crim.App.1996).. .. .. .. .. .. .. ..14

Prieto Bail Bonds v. State, 994 S.W.2d 316 (Tex.App.-El Paso 1999) .. .. ..13

Rape v. M.O. Dental Lab, 95 S.W.3d 712 (Tex.App.-Fort Worth 2003) .. .. .. .. 6

Reger v. State, No. 02-96-00217-CR (Tex.App.-Fort Worth 1997, pet. ref'd) .. ..2

Reger v. State, 222 S.W.3d 510 (Tex.App.-Fort Worth 2007, pet. ref'd) .. ..2 ,15

Reger v. Crim. Dist. Atty Tarrant Cnty., 2011 Tex. App. LEXIS 6413 (Tex.App.-Fort Worth 2011) ..14

Rey v. State, 897 S.W.2d 333 (Tex.Crim.App.1995) .. .. .. .. .. .. .. ..8

Skinner v. Switzer, ___ U.S. ___, 131 S. Ct. 1289 (2011) .. .. .. .. .. ..15

State v. Massingham, 2012 Tex. App. LEXIS 84 (Tex.App.-Amarillo 2007) .. .. .. 9

Strobaugh v. State, 421 S.W.3d 787 (Tex.App.-Fort Worth 2014) .. .. .. .. 16

Suhre v. State, 185 S.W.3d 898 (Tex.Crim.App.2006) .. .. .. .. .. .. .. 11

Towery v. State, 262 S.W.3d 586 (Tex.App.-Texarkana 2008) .. .. .. .. .. ..8

United States v. Hale, 422 U.S. 171 (1975) .. .. .. .. .. .. .. .. .. 14

[PDR]

# INDEX OF AUTHORITIES (Con't)

===============================================================================
SUBJECT:                                                              PAGE[S]
===============================================================================

STATUTES - CODES - RULES:

Tex. Civ. Prac. & Rem. Code § 132.001-.003 et seq, .. .. .. .. .. .. .. 16
Tex. Code Crim Proc. Chapter 64 .. .. .. .. .. .. .. .. .. .. 2 ,5 ,6 ,7
Tex. Code Crim. Proc. art. 64.01 .. .. .. .. .. .. .. .. .. .. .. .. 8
Tex. Code Crim. Proc. art. 64.03 .. .. .. .. .. .. .. .. .. .. .. 6 ,9
Tex. Code Crim. Proc. art. 64.03(b) .. .. .. .. .. .. .. .. .. .. .. 15
Tex. Code Crim. Proc. art. 64.03(a)(1)(B) .. .. .. .. .. .. .. .. .. 15
Tex. Gov't Code § 74.055 .. .. .. .. .. .. .. .. .. .. .. .. ..13
Tex. Gov't Code § 74.055(c)(6) .. .. .. .. .. .. .. .. .. .. .. .. 13
Tex. Gov't Code § 74.0551(d) .. .. .. .. .. .. .. .. .. .. .. ..13
Tex. Gov't Code §§ 573.021-.023 .. .. .. .. .. .. .. .. .. .. .. .. 4
Tex. R. App. P. 21.8(a), (c) .. .. .. .. .. .. .. .. .. .. .. .. 7
Tex. R. App. P. 22.4 .. .. .. .. .. .. .. .. .. .. .. .. .. .. 7
Tex. R. App. P. 25.2(a)(2) .. .. .. .. .. .. .. .. .. .. .. .. .. 8
Tex. R. App. P. 25.2(d)-(h) .. .. .. .. .. .. .. .. .. .. .. .. 7
Tex. R. App. P. 27.1(b) .. .. .. .. .. .. .. .. .. .. .. .. .. 7
Tex. R. App. P. 33.1(a)(2)(A) .. .. .. .. .. .. .. .. .. .. .. ..8
Tex. R. App. P. 44.4 .. .. .. .. .. .. .. .. .. .. .. .. ..10
Tex. R. App. P. 47.1 .. .. .. .. .. .. .. .. .. .. .. 11 ,12 ,15-16
Tex. R. App. P. 66.3 .. .. .. .. .. .. .. .. .. .. .. .. 1 ,3 ,12
Tex. R. App. P. 66.4 .. .. .. .. .. .. .. .. .. .. .. .. ..11 ,16
Tex. R. App. P. 68 .. .. .. .. .. .. .. .. .. .. .. .. ..Cover ,1
Tex. R. App. P. 68.11 .. .. .. .. .. .. .. .. .. .. .. .. .. .17
Tex. R. App. P. 69.1 .. .. .. .. .. .. .. .. .. .. .. .. 1 ,11 ,16
Tex. R. App. P. 69.2 .. .. .. .. .. .. .. .. .. .. .. .. ..11 ,16
Title 28 U.S.C. § 1746 .. .. .. .. .. .. .. .. .. .. .. .. .. 16

===============================================================================

CONSTITUTIONAL LAW:

Tex. Const. art. V, § 7 .. .. .. .. .. .. .. .. .. .. .. .. .. 13
Tex. Const. art. XVI, § 1 .. .. .. .. .. .. .. .. .. .. .. .. .13
Tex. Const. art. XVI, § 30(a) .. .. .. .. .. .. .. .. .. .. .. .13
U.S. Const. art. VI, Clause 3 .. .. .. .. .. .. .. .. .. .. .. .13

===============================================================================

TREATISE - LAW JOURNALS - LAW REVIEWS:

5 Ray W. McDonald, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, 1992) ..9

===============================================================================

END:

## STATEMENT REGARDING ORAL ARGUMENT

=====================================================================

This case presents numerous ISSUES (GROUNDS) which are novel and unresolved by any Court in Texas, to date. The resulting exoneration of the Petitioner and the total exposure of the underlying miscarriage of justice resulting in the Petitioner's wrongful conviction for first degree murder shall dwarf the recent firestorm stemming from the Michael Morton exoneration. As such, the Petitioner respectfully begs this most Honorable Court to permit ORAL ARGUMENT by and through competent court appointed counsel.

ORAL ARGUMENT: <u>REQUESTED</u>

# IN THE
# COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

RUSSELL JAY REGER      §    PDR Case No. _PD-1543-14_

     Petitioner     §
             §
Vs.           §    Appeal No. 02-12-00178-CR
             §
THE STATE OF TEXAS     §
             §
     Respondent    §    Trial Ct. No. 0579930D

## PETITION FOR DISCRETIONARY REVIEW

TO THE MOST HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Russell Jay Reger, "Petitioner", Pro Se and respectfully files this his PETITION FOR DISCRETIONARY REVIEW — seeking REVERSAL AND REMAND of the Second District Court of Appeals' MEMORANDUM OPINION dated September 18, 2014 and all other subsequent orders / mandates therefrom; pursuant to TEX. R. APP. P. 66.3(a), (b), (c), (d), (f); 68; and 69.1 — and would further show the Court the following GROUNDS in support thereof:

## I.
## STATEMENT OF THE CASE

(A)> The Petitioner was wrongfully convicted for the offense of first degree murder and thereafter sentenced to life confinement in the TDCJ-CID. [Trial] RR-6 @ 474 [1] and [Trial] CR @ 83, 103-104. [2] At all times, the Petitioner strongly swore that he was / is NOT GUILTY BY REASON OF SELF-DEFENSE (i.e., legally and factually innocent of first degree murder). [Trial] RR-3 @ 7-8; RR-4 @ 2; see also [DNA1] CR @ 243-247; [3] [DNA1] RR @ 50-64; [4] [DNA2] CR @ 61, 76; [5] and [DNA2] RR-3 @ 20, ¶¶ 5-23. [6]

---

[1]> "[Trial] RR- @" denotes the original 1996 criminal trial Court Reporter's Record on file in appellate case No. 02-96-00217-CR, followed by vited Volume(s), Page Number(s), and (¶) denotes individual line(s) of text.

[2]> "[Trial] CR- @" denotes the original 1996 criminal trial Court Clerk's Record also on file inside appellate case No. 02-96-00217-CR, followed by referenced Page(s).

[FOOTNOTES CON'T ON PAGE 2]

**(B)>** The Petitioner sought direct appellate review of his wrongful conviction which was thereafter affirmed. Reger v. State, No. 02-96-00217-CR (Tex.App.-Fort Worth 1997, pet. ref'd).

**(C)>** The Petitioner filed original application for writ of habeas corpus, which was denied by this Court. Ex parte Reger, No. WR-38,770-01 (Tex.Crim.App. 1998).

**(D)>** The Petitioner filed original Chapter 64 DNA testing of biological evidence on the shorts he wore - trying to prove that a violent, close contact struggle occurred between him and the decedent, proving self-defense. That motion was denied and direct appellate review affirmed. Reger v. State, 222 S.W.3d 510 (Tex. App.-Fort Worth 2007, pet. ref'd), Cert. denied, 552 U.S. 1117 (2008).

**(E)>** After acquiring three (3) sworn pro bono expert reports which focused upon biological evidence documented and recovered from the decedent's vehicle, all concluding that Respondent's star-witness gave material, false and misleading sworn testimony to Petitioner's 1996 jury, as well as due to substantial changes in case precedent and statutory law, Petitionewr filed subsequent Chapter 64 DNA testing to coorborate his pro bono expert reports. The trial Court denied subsequent DNA testing motion without a hearing on March 13, 2012 and September 13, 2012. [DNA2] CR @ 61-134, 264-274; and 2nd Supp. CR @ 7-8 [Attached heretowith as: APPENDIXES- A and B].

---

[CON'T FROM PAGE 1]

(3)> "[DNA1] CR- @" denotes the original Chapter 64 DNA trial Court Clerk's Record on file in appellate case No. 02-06-00104-CR, followed by Page(s). The two Supplemental Clerk's Records are cited as "1st Supp. CR- @" or "2nd Supp. CR- @".

(4)> "[DNA1] RR- @" denotes the original Chapter 64 DNA ABATEMENT HEARING RECORD on file in appellate case No. 02-06-00104-CR, followed by Page(s) and (¶) denotes individual line(s) of text. Said record is already on file in this Subsequent DNA Clerk's Record at [DNA2] CR @ 145-171.

(5)> "[DNA2] CR @" denotes the Subsequent Chapter 64 DNA trial Court Clerk's Record on file in appellate case No. 02-12-00178-CR, followed by Page(s). The three Supplemental Clerk's Records are cited as "1st Supp. Cr @" or "2nd Supp. CR @" and/or "3rd Supp. CR @".

(6)> "[DNA2] RR- @ " denotes the Subsequent Chapter 64 DNA RECUSAL RECORDS on file in appellate case No. 02-1200178-CR, foloued by cited Volume(s), Page(s) and (¶) denotes individual lines of text.

## II.
## STATEMENT OF PROCEDURAL HISTORY

The Petitioner filed for direct appellate review of the trial Court's final order(s) denying Subsequent DNA testing described above in Section I(E), which was DISMISSED in part and AFFIRMED in part in MEMORANDUM OPINION dated September 18, 2014. APPENDIX- C, attached hereto. On October 2, 2014, Petitioner properly filed MOTION FOR REHEARING ("MFRMO") which the appellate Court denied on October 23, 2014. APPENDIX- H, attached hereto.

## III.
## GROUNDS FOR REVIEW

### GROUND ONE:

THE APPELLATE COURT ERRED BY FAILING TO ADEQUATELY REVIEW THE ENTIRE RECORD AND DISCERN THAT THE MARCH 13, 2012 FINAL ORDER (APPENDIX- A) SUFFERED FROM CARELESS DRAFTSMANSHIP NOT INTENDED TO RE-DENY APPOINTMENT OF COUNSEL ON DNA WHEN ALL PARTIES AND THE TRIAL COURT TREATED IT AS A FINAL APPEALABLE ORDER DENYING SUBSEQUENT MOTION FOR DNA TESTING - "OBVIOUSLY NOT INTERLOCUTORY." [DNA2] CR @ 38-43; 44-49; 61-135; 223-229; 230-236; 264-274; 275; 282; 284; 285-300; 301-315; 316; 317-320; 321-323; 324-327; 341; 343-344; 345; 350; 351-352; 353; 359-360; 361; 366-369; 370; 371-372; 375-376; 380; 387-394; 395-400; 1st Supp. CR @ 4; 2nd Supp. CR @ 4-6 and 7-8; [DNA2] RR-3 @ 21, ¶¶ 21-25; 22, ¶¶ 3-6; and [DNA2] RR-4 @ 7, ¶¶ 14-16; 23, ¶¶ 23-25; and 24, ¶¶ 1-2.

### REASONS FOR REVIEW:

The Second District Court of Appeals' decision [APPENDIX- C] conflicts with another case reversal stemming from other Courts of appeal on the same issue presented in GROUND ONE (above). It has also decided an important question of State or Federal law in a way that conflicts with applicable decisions of this Court, the Supreme Courts of Texas and the United States of America. It also appears to have misconstrued a statute and rule, as well as has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this most Honorable Court's power of supervision. TEX. R. APP. P. 66.3(a), (b), (c), (d), and (f).

### ARGUMENT:

(A)> The Petitioner filed two pro se ancillary motions requesting appointment of "Co-Counsel" on February 8, 2012. [DNA2] CR @ 38-43 and 44-49. Petitioner

informed the trial Court that he filed SUBSEQUENT MOTION FOR DNA TESTING, which occurred on February 10, 2012. [DNA2] CR @ 61-135. The Respondent then filed responses opposing said motions for appointment of "Co-Counsel." [DNA2] CR @ 223-228 and 230-235. The trial Court DENIED Petitioner's motions for appointment of "Co-Counsel" on February 16, 2012. [DNA2] CR @ 229 and 236.

(B)> Only two of Petitioner's pleadings then remained active on docket: (1) SUBSEQUENT MOTION FOR FORENSIC DNA TESTING OF EVIDENCE CONTAINING BIOLOGICAL MATERIAL [DNA2] CR @ 61-135; and (2) PETITION TO DISQUALIFY THE TARRANT COUNTY CRIMINAL DISTRICT ATTORNEY AND HIS OFFICE AND REQUEST FOR APPOINTMENT OF ATTORNEY PRO -TEM - DEMAND FOR JURY TRIAL ("PTD") [DNA2] CR @ 136-213. The Respondent (ADA Steven Waller Conder [SBOT #04656510]) [7] seemed confused about Petitioner's Pro Se filings, yet admitted to figuring it out and filing opposing responses to DENY Subsequent DNA Testing Motion and [PTD] on March 13, 2012. [DNA2] CR @ 254-262, 264-272 and 388. On March 13, 2012, disqualified visiting District Judge Jerry W. Woodlock signed final order(s) denying those two pending pleadings. [DNA2] CR @ 263 and 273-274.

(C)> Going into the direct appellate record in this case, the established record clearly portrays that the trial Court and ALL related parties believed that Judge Woodlock signed final appealable order denying Subsequent DNA Testing Motion on March 13, 2012. May this Court TAKE JUDICIAL NOTICE of the record:

---

[7]> As this case continued on appeal, Petitioner discovered that ADA Waller-Conder was a consanguineous relative to the decedent's biological mother: Doris Jean Waller-Storey. The decedent, William Matthew "Matt" Storey was born on March 13, 1969. Prohibited inside information was provided to Mrs. Waller-Storey, which she acknowledged having possession of, memorialized in this record. This caused Petitioner to seek recusal of sitting trial Judge, Robb D. Catalano. [DNA2] CR @ 285-300; 373; 374; 375-434; 1st Supp. CR @ 4; [DNA2] RR-1 2, and 3. After connecting the dots and evidence finding "The Waller Connection" Petitioner filed in the appellate court: MOTION TO DISQUALIFY AND STRIKE PLEADINGS OF ADA WALLER-CONDER on January 10, 2014. Further letter / brief filed February 3, 2014 APPENDIX- D, attached hereto. ADA Waller-Conder filed no response, nor did he ever dispute Petitioner's facts. The appellate court failed to ABATE and hold hearings under Section 573.021-.023 TEX. GOV'T CODE denying Petitioner's motion on January 30, 2014 APPENDIX- E. Petitioner filed for En Banc Reconsideration on February 10, 2014, which the Appellate Court denied on September 18, 2014. APPENDIX- F. This most Honorable Court should ABATE this case back for hearings consistent with its prior holdings under Gamez v. State, 737 S.W.3d 315, 318 (Tex.Crim.App.1987).

1)> [DNA2] CR @ 275 - Letter from trial Court to Appellant;
2)> [DNA2] CR @ 282 - Notice of Appeal;
3)> [DNA2] CR @ 284 - Certificate of Proceedings by trial Court;
4)> [DNA2] CR @ 286 - Motion to Recuse / Disqualify;
5)> [DNA2] CR @ 306-308; 309 and 310 - Motion for New Trial;
6)> [DNA2] CR @ 316 - Cover-Letter by Petitioner;
7)> [DNA2] CR @ 317 - Petitioner's Objections;
8)> [DNA2] CR @ 321 - Petitioner's Objections;
9)> [DNA2] CR @ 324 - Petitioner's Objections;
10)> [DNA2] CR @ 341 - Notice of Appeal;
11)> [DNA2] CR @ 343 - Motion for New Trial Addendum;
12)> [DNA2] CR @ 345 - Cover-Letter to Ouida Stevens;
13)> [DNA2] CR @ 350 - Letter from Petitioner to Judge Woodlock;
14)> [DNA2] CR @ 353 - Cover-Letter to Clerk Debra Spisak;
15)> [DNA2] CR @ 361 - Amended Notice of Appeal;
16)> [DNA2] CR @ 366 - Request For Designation of Clerk's Record #5;
17)> [DNA2] CR @ 370 - Request For Designation of Court Reporter's Record;
18)> [DNA2] CR @ 375-376 - Subpoena Duces Tecum;
19)> [DNA2] CR @ 380 - Subpoena Duces Tecum;
20)> [DNA2] CR @ 388 - Motion to Quash Subpoena;
21)> [DNA2] CR @ 395 - Motion to Quash Subpoena;
22)> [DNA2] CR @ 400 - Subpoena Duces Tecum;
23)> [DNA2] 2nd Supp. CR @ 4-6 ABATEMENT ORDER [APPENDIX- G, hereto];
24)> [DNA2] RR-3 @ 21, ¶¶ 21-25 and 22, ¶¶ 3-6 - RECUSAL HEARING;
25)> [DNA2] RR-4 @ 7, ¶¶ 14-16; 23, ¶¶ 23-25 and 24, ¶¶ 1-2 - RECUSAL HEARING;
26)> [MFA1] @ Page 2, POINT OF ERROR ONE: (A) - MOTION FOR REHEARING of #23;
27)> [MTA2] @ Page 2, Sections (II)(A) and (C) - SECOND MOTION TO ABATE;
28)> [ABM] @ Pages 4(4a); 7 (9a); 12 (c[1]); 13 (2a); 22 (7c) and 27 (5a) inside APPELLANT'S BRIEF ON THE MERITS;
29)> [ASB] @ Pages 2-4; 10-12; 14-15; and 24 - STATE'S REPLY BRIEF; and
30)> [ARB] @ Page 6 (7c [III]) - APPELLANT'S REPLY BRIEF ON TYHE MERITS.

Despite the Appellate Court's questioning of its jurisdiction [DNA2] CR @ 359-360 and 371 - at NO TIME did anyone, ever claim that Judge Woodlock's order of March 13, 2012 - was "interlocutory", nor did the appellate Court dismiss for want of jurisdiction based upon entry of an interlocutory order denying appointment of counsel in a Chapter 64 DNA proceeding.

(D)> After having the established record filed and submitted 17 1/2 months, on September 18, 2014, the appellate Court then handed down its MEMORANDUM OPINION [APPENDIX- C] and at Pages 3-5 declared that Judge Woodlock signed an interlocutory order denying appointment of DNA counsel on March 13, 2012. Judge Anne Gardner was the author of APPENDIX- C. She disregarded the record as a whole and the conduct of the parties in the very exact same manner which got a prior

opinion issued by her REVERSED AND REMANDED in the Supreme Court of Texas. See, e.g., and TAKE JUDICAIL NOTICE: Rape v. M.O. Dental Lab, 95 S.W.3d 712 (Tex.App.- Fort Worth 2003, pet. granted), REVERSED AND REMANDED, 139 S.W.3d 671 (Tex.2004) (discussing Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195, 200, and 206 (Tex.2001)).

(E)> Once again, at its very core, the etsbliahed appellate record exhibits on March 13, 2012 - only two pleadings sat active on the trial Court's docket. Neither had anything remotely to do with any request for appointment of DNA counsel. Respondent ADA Waller-Conder rushed to finish up and file his responses with proposed orders, on March 13, 2012, because that was his family member's birthdate (i.e., the decedent in this case). See: STATE'S REPLY TO DEFENDANT'S SUBSEQUENT MOTION FOR FORENSIC DNA TESTING [DNA2] CR @ 264-272. This pleading urged Judge Woodlock to DENY Subsequent request for DNA testing because Petitioner allegedly failed to meet his burden under Article 64.03 in the Code of Criminal Procedure [DNA2] CR @ 266. It also PRAYED Judge Woodlock to DENY the Subsequent Motion for Post-Conviction Forensic DNA testing [DNA2] CR @ 270. This Court must presume that Judge Woodlock reviewed these pleadings and replies before signing final appealable order.

(F)> After reviewing everything discussed above in (E), Judge Woodlock then signed off on the Respondent's proposed order [APPENDIX- A] fully intending to DENY Subsequent DNA Testiwng Motion. However, that poorly drafted order in [APPENDIX- A] started off:

### FINDINGS

1. The defendant admitted to the jury that he shot William Matthew Storey four times.

2. The defendant admitted in his original DNA testing request that he shot William Matthew Storey four times.

3. The defendant's identity as the perpetrator of this murder is not at issue.

4. The defendant has not met the requirements for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure.

which tracked the Respondent's reply and language under Art. 64.03 C. Cr. P.

However, the poorly drafted "ORDER" portion was overlooked by Judge Woodlock and Respondent Waller-Conder, because it misread:

## ORDER

1.  The Court denies the defendant's request for <u>appointment</u> <u>of</u> <u>counsel</u> <u>to</u> <u>represent</u> <u>him</u> <u>on</u> <u>a</u> Subsequent Motion for Post-Conviction forensic DNA testing.

(Emphasis underlined mine). It is those eight (8) underlined, unintended errant words which are now contested by the parties. Compared next to the Appellate Court's ABATEMENT ORDER [DNA2] 2nd Supp. CR @ 5 [APPENDIX- G at 2], where it acknowledged this very same order signed March 13, 2012 - noting that no Motion for Appointment of Counsel was pending on the record, on September 18, 2014 it then handed down opinion [APPENDIX- C] and at Page 3 erroneously found:

> [O]n March 13, 2012, the Honorable Jerry Woodlock, ..., signed an order proposed by the State, which included a finding [#3] that Appellant's identity as the perpetrator was not an issue ...

Yet somehow omitted FINDING #4, which cemented what the ORDER had been intended to be:

> [T]he defendant has not met the requirements for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure ...

ID. [DNA2] CR @ 273 and APPENDIX- A; because it then erroneously concluded:

> [B]ut the order itself re-denied the appointment of counsel; it did not deny the Subsequent Motion for DNA testing ...

Id. APPENDIX- C at 3. Going into Page 4 of APPENDIX- C, the Court then erroneously concluded that Judge Woodlock's order was interlocutory and reasoned that the Petitioner's Notice of Appeal had been prematurely filed (TEX. R. APP. P. 27.1(b))- but then remained silent on how that would have affected the mandatory requirements under TEX. R. APP. P. 25.2(d)-(h) or Petitioner's Motion For New Trial deadlines under TEX. R. APP. P. 21.8(a), (c) and 22.4[8] moreso, when the Court stood on the new September 13, 2012 Order APPENDIX- B being the final order?

---

[8]> This Court has already held such time-frames to be a "Critical Stage." See, e.g., <u>Cook v. State</u>, 240 S.W.3d 906, 908-912 (Tex.Crim.App.2007).

(G)> In _Gutierrez v. State_, he only filed a motion seeking appointment of DNA counsel pursuant to Art. 64.01 C. Cr. P., and attempted to appeal the trial Court denial of that order. Id. 307 S.W.3d 318 (Tex.Crim.App.2010). This Court concluded and held that the decision to deny appointment of counsel is not an "appealable order" under TEX. R. APP. P. 25.2(a)(2). Id. at 323. However, the instant case is distinguishable from Gutierrez because this record ONLY exhibits Petitioner's Subsequent Motion for DNA testing pending. [DNA2] CR @ 61-135. The ONLY thing Respondent requested was for the court to DENY that motion. [DNA2] CR @ 264-272. While Respondent's ORDER was poorly drafted, Judge Woodlock nevertheless made an implicit ruling [TEX. R. APP. P. 33.1(a)(2)(A)] DENYING the Petitioner's Subsequent Motion for DNA testing. [DNA2] CR @ 273-274 APPENDIX- A.Indeed, this Court has long held that "A trial Court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." _Rey v. State_, 897 S.W.2d 333, 336 (Tex.Crim.App.1995); see also _Montanez v. State_, 195 S.W.3d 101, 104 (Tex.Crim.App.2006); _Garcia v. State_, 291 S.W.3d 1 (Tex.App.-Corpus Christi 2008); _Towery v. State_, 262 S.W.3d 586, 597-98 (Tex.App.-Texarkana 2008).

(H)> Because this case involves a novel issue not yet resolved by the Court, the Petitioner would urge it to also apply the very same reasoning used in the Supreme Court of Texas' in Lehmann, Supra, when it REVERSED Judge Anne Gardner in _M.O. Dental Lab v. Rape_, 139 S.W.3d 671, 674-75 n. 16 (Tex.2004). In Lehmann, the Court held that the record "illumin[ates] whether an order ... that all parties appear to have treated as final may be final despite some vagueness in the order itself." Id. 39 S.W.3d at 206. If further held "Because the law does not require that a final judgment be in any particular form, whether a judicial decree is final judgment must be determined from its language and the record in the case", Id. at 195, because "the language of an order or judgment cannot make it interlocutory when in fact, on the record, it is a final disposition of the case."

Id at 200. Therefore, it need not even have the word "Final" in the order. Id. See also Continental Airlines, INc. v. Kiefer, 920 S.W.2d 274, 277 (Tex.1996) (holding that finality "must be resolved by a determination of the intention of the Court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.")(quoting: 5 Ray W. McDonald, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, 1992 ed))).In the case of State v. Massingham, No. 07-11-00482-CR, 2012 Tex.App.LEXIS 84 *1 (Tex. App.-Amarillo 2012, no pet.)(Not Designated for Publication) the Court employed both of this Court's holdings in Gutierrez, Supra; and the Lehmann, Supra, holding when it decided an interlocutory order issue on appeal).

(I)> The illuminated appellate record in this case, detailed above in (B), (C), and (E) as well as the conduct of the Court and Parties below- all scream that Judge Woodlock's March 13, 2012 order [APPENDIX- A] was,and was intended to be an implicit ruling acting as a final appealable order denying Subsequent Motion for DNA testin under Art. 64.03 C. Cr. P. Thus, "Obviously not interlocutory.." See e.g., In re Morton, 326 S.W.3d 634, 639 (Tex.App.-Austin 2010)(finding denial of Motion for Testing to be appealable order when it is "obviously not interlocutory.")(quoting: In re Johnston, 79 S.W.3d 195, 197 (Tex.App.- Texarkana 2002, Orig. Proceeding)). Nowhere in this record will this Court ever find anything filed by the trial Court alerting the appellate Court otherwise. See, e.g., Ex parte Padilla, No. 03-10-00667-CR, 2010 Tex.App.LEXIS 9774 *1 (Tex.App.-Austin 2010, pet ref'd)(Not Designated for Publication)(finding that "[t]he district court ... entered a Certificate providing that this [was] 'not an appealable order, and the defendant ha[d] no right of appeal.' We agree."). Had the Second District Court of Appeals firmly believed that Judge Woodlock's March 13, 2012 order [DNA2] CR @ 273-274 [APPENDIX- A] was in fact an interlocutory order denying appointment of DNA counsel, it would have surely followed its long held precedence

and DISMISSED this appeal for want of jurisdiction, which is what they (and Judge Gardner) did in a long line of cases. [9]

(J)> Instead, finding no "obvious interlocutory order", the appellate court used APPELLANT'S MOTION FOR LEAVE TO ABATE APPEAL TO TRIAL COURT AND PRESERVE THE APPELLATE RECORD ("MTA"), filed by the Petitioner on June 27, 2012, which had nothing to do with the March 13, 2012 order [APPENDIX-A], as a defacto nunc pro tunc request to correct a remediable clerical error, when it thereafter issued ABATEMENT ORDER on September 10, 2012. [DNA2] 2nd Supp. CR @ 4-6 [APPENDIX- G]. The Court invoked TEX. R. APP. P. 44.4 [APPENDIX- G at 2] conceding the March 13, 2012 Order was a simple clerical error. See, e.g., TEX. R. APP. P. 44.4(a)(1) and (2). Thus, after the trial Court corrected said error in its September 13, 2012 Order [DNA2] Supp. Cr @ 7-8 [APPENDIX- B], "[T]he Court of appeals ... then proceed[ed] as if the erroneous action or failure to act had not occurred." See, e.g., TEX. R. APP. P. 44.4(b); see also [DNA2] 2nd Supp. CR @ 6 [APPENDIX-G at 3]. Thus, the ABATEMENT ORDER acted as a clarification order which is analogous to a judgment nunc pro tunc because it did not substantively change Judge Woodlock's final appealable order of March 13, 2012. See, e.g., In re Hamilton, 975 S.W.2d 758, 762 (Tex.App.-Corpus Christi 1998, pet. denied); Compare: [DNA2] CR @ 273-274 [APPENDIX- A] -next to- [DNA2] 2nd Sup. CR @ 7-8 [APPENDIX- B]. Because the entry of Judge Woodlock's March 13, 2012 order was a clerical error, because it did not come about as the product of his judicial reasoning or determination, but due to the Respondent's poor draftsmanship, it was subject to being corrected by entry of nunc pro tunc. Ex parte Poe, 751 S.W.2d 873, 876 (Tex.Crim. App.1988); Ex parte Bopps, 723 S.W.2d 669, 670 (Tex.Crim.App.1986).

_____

[9]> Ahmad v. State, 158 S.W.3d 525, 526 (Tex.App.-Fort Worth 2004)(Gardner, J.); Fry v. State, 112 S.W.3d 611, 612-13 (Tex.App.-Fort Worth 2003); Bridle v. State, 16 S.W.3d 906, 907-08 (Tex.App. Fort Worth 2000); Hilburn v. State, 946 S.W.2d 885, 886 (Tex.App.-Fort Worth 1997); see also Jenerette v. State, No. 02-13-00092-CR, 2013 Tex.App.LEXIS 7284 (Tex.App.-Fort Worth 2013 (Gardner, J.); Chavez v. State, No. 02-10-00250-CR, 2010 Tex.App.LEXIS 6163 (Tex.App.-Fort Worth 2010)(Gardner, J.)(Not Designated for Publication) all DISMISSED FOR WANT OF JURISDICTION.

(K)> The Petitioner is cognizant of this Court's prior holdings that "there is no limit to the number of requests for appointed counsel that a convicted person may make" - Guitierrez, Supra, 307 S.W.3d at 323; or for that matter "in a DNA [testing] proceeding" - Baker v. State, 185 S.W.3d 894 (Tex.Crim.App.2006); Suhre v. State, 185 S.W.3d 898 (Tex.Crim.App.2006). However, this is not an ironclad reason for this Court to find no harm under this GROUND ONE, because, should this Court agree that Judge Woodlock's March 13, 2012 order [APPENDIX-A] was not an obvious interlocutory order - then Petitioner's FIRST ISSUE raised in the appellate Court still stands unresolved. That issue contended:

> BECAUSE THE TRIAL COURT LOST ITS PLENARY POWER JURISDICTION ON: MAY 29, 2012 [OR APRIL 12, 2012], ALL SUBSEQUENT ORDERS AND PROCEED-INGS PERFORMED AFTERWARDS WERE VOID, AB INITIO.

Id. [ABM] at 3-17; [ARB] at 1-7. The appellate Court did not reach those merits. [APPENDIX- C at 4-5]. Respondent Waller-Conder did not address those merits, instead he argued "MOTION FOR NEW TRIAL NOT APPLICABLE IN DNA REQUEST ..." [ASB] at 10-12 and letter brief dated February 28, 2013. That alternative argument wasn't addressed. TEX. R. APP. P. 47.1. As such, if the trial Court lost its plenary power on May 29, 2012 or April 12, 2012, as MOTION FOR NEW TRIAL overruled by operation of law before the MOTION FOR RECUSAL / DISQUALIFICATION was finally decided [DNA2] 1st Supp. CR @ 4 - then Judge Catalano's order signed September 13, 2012 [DNA2] 2nd Supp. CR @ 7-8 [APPENDIX - B] is VOID, ab initio. Such would quash any jursidiction in this Court or the appellate Court, below, rendering the September 18, 2014 MEMORANDUM OPINION [APPENDIX- C] VOID, ab initio. For these undisputed reasons, this Court should ORDER the Clerk of the 2nd Court of Appeals to promptly send this Court all items necessary to aid it in deciding whether to grant discretionary review, TEX. R. APP. P. 66.4(a), then GRANT this petition further setting this case for submission and briefing under TEX. R. APP. P. 69.1 and 69.2.

## GROUND TWO:

THE APPELLATE COURT ERRED WHEN FAILING TO REVIEW THE ENTIRE RECORD OR ADDRESS EVERY ISSUE AND ALTERNATIVE ARGUMENT RAISED BY THE PARTIES AND NECESSARY TO FINAL DISPOSITION OF DIRECT APPELLATE REVIEW AS REQUIRED UNDER TEX. R. APP. P. 47.1. [DNA2] CR @ 38-43; 44-49; 50-60; 61-135; 136-213; 223-229; 230-236; 237-247; 254-263; 264-274; 275; 284; 285-300; 301-315; 316; 317-320; 321-323; 324-327; 328-338; 339; 341; 343-352; 353; 356-358; 359-360; 361; 362-364; 366; 370; 371-372; 373; 374; 375-376; 380; 387-394; 395-400; 403-404; 429-432; 1st Supp. CR @ 4; 2nd Supp. CR @ 4-6 and 7-8; [DNA2] RR-3 and RR-4.

## REASONS FOR REVIEW:

The Second district Court of Appeals' decision [APPENDIX- C] conflicts with another case reversal stemming from other Courts of appeal on the same issues presented in GROUND TWO (above). It has also decided an important question of State of Federal law in a way that conflicts with applicable decisions of this Court and the Supreme Courts of Texas and the United States of America. It also appears to have misconstrued statutes and rules, as well as has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this most Honorable Court's power of puervision. TEX. R. APP. P. 66.3(a), (b), (c), (d), and (f).

## ARGUMENT:

(A)> The Petitioner's "FIRST ISSUE" in [ABM] dealt with post-final appealable orders and actions triggered after Judge Woodlock signed the March 13, 2012 order denying Subsequent DNA testing motion. [APPENDIX - A]. See [ABM] at Pages 3-13. As was already addressed above in GROUND ONE, the appellate Court neglected to reach the merits of this ISSUE. Nor did the Court address Respondent's alternative argument that "Motions for New Trial and their deadlines do not apply to post-conviction DNA requests." Id. [ASB] at 10-14, which Petitioner countered in his [ARB] at 1-7. The Court also failed to review the entire record.

(B)> The Petitioner's "SECOND ISSUE" in [ABM] dealt with the qualifications and authority of Judges Catalano and Woodlock. Id. at 13-24. With regard to Catalano, the appellate Court never addressed that he "self-recused", Compare: [APPENDIX- C at 5-7] -next to- [ABM] at 16. Nor did it address "the appearances of impropriety by JUdge Catalano." [ABM] at 16-21 [APPENDIX- C at 5-7]. Nor did

it address Respondent's contention that letters attached to Petitioner's [ABM] could not be considered at 26-29 - compared next to- [APPENDIX- C at 5-7]. Then, with regard to Woodlock, the Court gave a near word-for-word regurgitation of Respondent's [ASB] at 29-30 Compared next to [APPENDIX- C at 7-8]. It omitted every legal argument made by the parties: [ABM] at 22-24; [ASB] at 30-32; and [ARB] at 7-11, ambiguously and erroneously finding that "[N]oythiong in the law supports [Petitioner's] argument. See, Tex. Const. art. XVI, § 1." Id. [APPENDIX-C at 8]. There was no dispute that Woodlock [ONLY] signed and executed anti-bribery statement on January 1, 2005 [DNA2] CR @ 349 and Oath of Office on January 3, 2005 [DNA2] CR @ 348. The Petitioner made competent legal argument that Tex. Gov't Code Ann. § 74.055 created Woodlock's defacto office, <u>Prieto   Bail   Bonds</u> <u>v. State,</u> 994 S.W.2d 316, 319-320 (Tex.App.- El Paso 1999, pet ref'd), and that since Tex. Const. art. V, § 7 did not cover Woodlock's length / term in office, the two year term-limitations mandated under Tex. Gov't Code § 74.055(c)(6) and 74.0551(d); and Tex. Const. art. XVI, § 30(a), controlled. As such, Woodlock was required, by law, under Tex. Const. art. XVI, § 1 and § 30(a) to file anti-bribery statements and Oaths of office in January 2007, 2009, and 2011 - when his two year term-limits expired and he re-executed AFFIDAVITS TO SERVE under Tex. Gov't Code §§ 74.055(c)(6) and 74.0551(d). Such is also mandated under U.S. Const. art. VI, Clause 3. Contrary to the appellate Court's finding [AP-PENDIX- C at 8], with regard to former / senior visiting Judge Woodlock's rulings [APPENDIX- A], are VOID, ab initio, because he lacked the constitutional authority to act in such capacity on that time and date. Period.

(C)> The Petitioner's "THIRD ISSUE" in [ABM] dealt with the denial of his due process (course) of law and equal protections under the law when his [PTD] was denied without any hearing or jury trial. Id. at 24-33. The Respondent countered [ASB] at 33-43; which Petitioner further responded in [ARB] at 11-12 and [MTA2]-denied by the appellate Court [APPENDIX- c at 10]. The Court disregarded all

arguments, pleadings, and record exhibits, simply dismissing the ground; yet, then ambiguously addressing an older opinion Judge Anne Gardner wrote against Petitioner in Reger v. Criminal Dist. Attorney of Tarrant Cnty., No. 02-09-00363-CV, 2011 WL 3546631, 2011 Tex.App.LEXIS 6413 (Tex.App.-Fort Worth 2011, pet. denied)(Opinion on reh'g)(Not Desingated for Publication)? [APPENDIX- C at 8-9]. The Court further ignored EXHIBITS- 1-7 offered in MOTION FOR REHEARING. [APPENDIX- H]. Petitioner urges this Court to order its Clerk to obtain a copy of said motion, or see it in PDF file at http://www.search.txcourts/gov/Case. aspx?cn+02-12-00178-CR&coa=coa02 (last visited 10/30/2014). We still do not yet know the degree of Respondent Waller-Conder's consanguinity with the decedent's mother, which was never denied in this record. See, e.g.,APPENDIXES- D, E, F; United States v. Hale, 422 U.S. 171, 176 (1975)("Silence gains ... probative weight where it persists in the face of accusation."): Pitts v. State, 916 S.W.2d 507, 510 (Tex.Crim.App.1996)(Same).

(D)> The Petitioner's "FOURTH ISSUE" in [ABM] alleged that the trial Court abused its discretion and denied his procedural due process (course) rights when it denied Subsequent DNA Testing motion. Id. at 33-44. The Respondent made alternative arguments. [ASB] at 44-50, which the Petitioner further responded in [ARB] at 11-12. After waiting 17 1/2 months – the appellate Court gave only one (1) page in OPINION affirming the trial Court's ruling. [APPENDIX- C at 9-10]. Not one single time did the Respondent, or the appellate Court, ever mention or allude to the Petitioner's proffered three (3) sworn expert reports exposing that forensic biological material left on decedent's car and street contradicted the sworn trial testimony by Christina Renae Ragland-Storey. EXHIBIT- 7, attached to MOTION FOR REHEARING holds the fourth sworn expert report exposing further material, false and misleading testimony offered by the prosecution. Because this Court abhors the State's use of such false, misleading, material testimony to obtain wrongful convictions, See, e.g., Ex parte Henderson, 384 S.W.3d 833,

836-837, 851-852 (Tex.Crim.App.2012); Ex parte Ghahremani, 332 S.W.3d 470, 476-483 (Tex.Crim.App.2011); Ex parte Chabot, 300 S.W.3d 768, 770-71 (Tex.Crim.App. 2009) and Ex parte Brian Edward Franklin, NO. WR-44,521-03, 2014 Tex.Crim.App. Unpub. LEXIS 244 (Tex.Crim.App.2014), Petitioner sought DNA testing to corroborate his expert's sworn reports, attempting to cement this perjury offered by the Respondent's. And, [APPENDIX-C] makes no mention that after Reger 1, 222 S.W.3d 512-515 was handed down in 2007, the 80th Texas Legislature amended art. 64.03(b) C. Cr. P. and now prohibits such automatic non-findings of identity under art. 64.03(a)(1)(B) C. Cr. P., when defendant's, like Petitioner, plead not guilty by reason of self-defense. Compare: [APPENDIX- C at 9-10] -next to- [ABM] at 41-42. Nor did the Court address those cited cases between 2007 through 2014. Id.

(E)> The Petitioner's "FIFTH ISSUE" in [ABM] dealt with an "As-Applied" constitutional denial under art. 64.03(a)(1)(B) when applied to ALL motions seeking DNA testing within self-defense cases. Id. at 44-48. The Respondent only addressed "EQUAL PROTECTION" [ASB] at 51-54, which the Petitioner pointed out it was only an "As-Applied" challenge. [ARB] at 13-15. After waiting 17 1/2 months, the Court gave one-half of a page only addessing "EQUAL PROTECTION." [APPENDIX-C at 10]. Questionably, Judge Gardner saw this argument in Reger 1, 222 S.W.3d at 514-15, but denied relief because of the holdings in Kutzner v. Montgomery Co., 303 F.3d 339, 340 (5th Cir. 2002); Harvey v. Horan, 278 F.3d 370, 375-76 (4th Cir. 2002), which were overruled by Skinner v. Switzer, ___ U.S ___, 131 S. Ct. 1289 (2011) after Judge Gardner issued that opinion. Today, not one mention of this in [APPENDIX- C]. She did cite to Ex parte Mines, 26 S.W.3d 910, 914 (Tex.Crim.App.2000), which has nothing to do with art. 64.03(a)(1)(B)???

(F)> This Court has made it very clear to intermediate appellate Courts inside its holdings in Kombudo v. State, 171 S.W.3d 888, 889 (Tex.Crim.App.2005); Light v. State, 15 S.W.3d 104, 108 (Tex.Crim.App.2000), that under TEX. R. APP. P. 47.1,

"[T]he Court ... must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the of the appeal." Herein, [APPENDIXES- C, E, F, and H] are wholly failing to do such mandate. Judge Gardner is very capable of issuing indepth and detailed opinions, Strobaugh v. State, 421 S.W.3d 787 (Tex.App.-Fort Worth 2014), when she wishes to. For these reasons, this most Honorable Court should ORDER the Clerk of the 2nd Court of Appealks to promptly send this Court all items necessary to aid it in deciding whether to GRANT discretionary review, TEX. R. APP. P. 66.4(a), then GRANT this petition further setting this case for submission and briefing under TEX. R. APP. P. 69.1 and 69.2.

## IV.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays this Court would GRANT discretionary review.

## V.
### VERIFICATION

I, Russell Jay Reger, TDCJ-CID #747783, being presently incarcerated under an uncontroverted, aoptively admitted (By the Respondents) illegal- null and VOID judgment and sentence - in the French M. Robertson Unit of the TDCJ-CID System, in JOnes County, Texas; do hereby verify and declare under penalty of perjury that the foregoing PETITION, its STATEMENTS and attached APPENDIXES- A through H, are all true and correct, as well as being offered by me, in GOOD FAITH.

[Tex. Civ. Prac. & Rem. Code § 132.001-.003 et seq / Title 28 U.S.C. § 1746]
(A signed / dated copy of this PETITION shall have the same validity as its original)

SWORN TO BENEATH THE WINGS OF ALMIGHTY GOD on this the 21 day of January , 2014.

Respectfully Submitted.

/s/
_____
Petitioner, Pro Se.
Russell Jay Reger #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8749
(325)548-9035
www.free-rusty-reger.com

# VI.
## CERTIFICATE OF SERVICE

Pursuant to TEX. R. APP. P. 68.11, I hereby certify that a true and correct copy of the foregoing PETITION and its attached APPENDIXES- A through H, were mailed to the below listed parties of interest, via 1st Class U.S. Mail, Postage Prepaid, on this the __21st__ day of __January_____, 20__.

MAIL BOX RULE

/s/ _____
Petitioner, Pro Se.
Russell Jay Reger #747785

Hon. Lisa C. McMinn
STATE PROSECUTING ATTORNEY
Price Daniel Sr. Bldg.
209 W. 14th St., Rm 202
P.O. Box 12405, Capitol Station
Austin, Texas 78711-2405
(512)463-1597

-and-

Mr. Charles M. Mallin
Assistant Criminal District Attorney
Appellate Section
401 W. Belknap St.
Fort Worth, Texas 76196-0201
(817)884-1687

RJR:file

my
Original

UNDER THIS COVER: APPENDIX- A

NO. 0579930D

STATE OF TEXAS                    §        IN THE CRIMINAL DISTRICT

                                  §        COURT NUMBER THREE OF
v.                                §

                                  §        TARRANT COUNTY, TEXAS
RUSSELL JAY REGER                 §

## FINDINGS

1. The defendant admitted to the jury that he shot William Matthew Storey four times.

2. The defendant admitted in his original DNA testing request that he shot William Matthew Storey four times.

3. The defendant's identity as the perpetrator of this murder is not at issue.

4. The defendant has not met the requirements for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure.

## ORDER

1. The Court denies the defendant's request for appointment of counsel to represent him on a subsequent motion for post-conviction forensic DNA testing.

2. The Court directs the Clerk of this Court to furnish a copy of this finding and order to:

   a. Mr. Russell Jay Reger, TDCJ-ID #747783, French Robertson Unit, 12071 FM 3522, Abilene, Texas 79601-8799; and

   b. The appellate section of the Tarrant County Criminal District Attorney's Office

273

SIGNED AND ENTERED this _13_ day of _March, 2012_ .

_Jerry W. Woodlock_
JUDGE PRESIDING

274

UNDER THIS COVER: <u>APPENDIX- B</u>

NO. 0579930D

STATE OF TEXAS § IN THE CRIMINAL DISTRICT

v. § COURT NUMBER THREE OF

RUSSELL JAY REGER § TARRANT COUNTY, TEXAS

## TRIAL COURT'S FINDINGS AND ORDER DENYING

## DEFENDANT'S SUBSEQUENT MOTION FOR FORENSIC DNA TESTING

### FINDINGS

1. The defendant admitted to the jury that he shot William Matthew Storey four times.

2. The defendant admitted in his original DNA testing request that he shot William Matthew Storey four times.

3. The defendant's identity as the perpetrator of this murder is not at issue.

4. The defendant has not met the requirements for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure.

### ORDER

1. The Court denies the defendant's subsequent motion for post-conviction forensic DNA testing.

2. The Court directs the Clerk of this Court to furnish a copy of this finding and order to:

   a. Mr. Russell Jay Reger, TDCJ-ID #747783, French Robertson Unit, 12071 FM 3522, Abilene, Texas 79601-8799; and



b.    The appellate section of the Tarrant County Criminal
      District Attorney's Office


SIGNED AND ENTERED this ___ day of _____.


_____
JUDGE PRESIDING

UNDER THIS COVER:  <u>APPENDIX- C</u>

1 of 1 DOCUMENT

## RUSSELL JAY REGER, APPELLANT V. THE STATE OF TEXAS, STATE

## NO. 02-12-00178-CR

## COURT OF APPEALS OF TEXAS, SECOND DISTRICT, FORT WORTH

## 2014 Tex. App. LEXIS 10471

### September 18, 2014, Delivered

**NOTICE:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY. TRIAL COURT NO. 0579930D.
In re Reger, 193 S.W.3d 922, 2006 Tex. App. LEXIS 4734 (Tex. App. Amarillo, 2006)

**CORE TERMS:** testing, postconviction, forensic, overrule, recuse, notice of appeal, appealable order, disqualify, improperly denied, disqualified, convicted, shooting, new trial, appointment of counsel, district attorney, oath of office, self-defense, anti-bribery, prematurely, designated, abated, girlfriend, daughter, shot, jurisdiction to render, void ab initio, interlocutory order, former prosecutors, consanguinity, perpetrator

**COUNSEL:** RUSSELL JAY REGER, APPELLANT, PRO SE, ABILENE, TEXAS.

FOR STATE: JOE SHANNON, JR., CRIMINAL DISTRICT ATTORNEY, CHARLES M. MALLIN, CHIEF OF THE APPELLATE SECTION, STEVEN W. CONDER, ASSISTANT CRIMINAL DISTRICT ATTORNEY FOR TARRANT COUNTY, FORT WORTH, TEXAS.

**JUDGES:** PANEL: GARDNER, WALKER, and MCCOY, JJ.

**OPINION BY:** ANNE GARDNER

**OPINION**

### MEMORANDUM OPINION[1]

1 See Tex. R. App. P. 47.4.

Appellant Russell Jay Reger appeals the denial of his second motion for forensic DNA testing. We affirm.

**Relevant Facts**

On April 2, 1995, Appellant and his girlfriend were engaged in sexual relations when Appellant ripped off her shirt. The

U. S. Government Division
DIRECTORY
Margaret and Herman Brown Library
Abilene Christian University
Abilene, TX 79601

signed by the trial court." (emphasis added)). Rather than dismiss the appeal, we abated it for the trial court to render a final, appealable order. *Cf. State v. Vardeman*, No. 05-13-00241-CR, 2013 Tex. App. LEXIS 9988, 2013 WL 4033796, at *4 (Tex. App.--Dallas Aug. 8, 2013, no pet.) (mem. op., not designated for publication) (noting that trial court retains jurisdiction to render orders in [*5] underlying proceedings during pendency of appeal from interlocutory order); *Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd) ("While filing a notice of appeal properly invokes the appellate court's jurisdiction, it does not automatically terminate the trial court's jurisdiction.") (footnote omitted). Because Judge Woodlock's order was interlocutory, the trial court retained jurisdiction to render a final order; thus, Judge Catalano's and Judge Walker's orders are not void *ab initio. See, e.g., Turner v. State*, No. 12-02-00168-CR, 2003 Tex. App. LEXIS 8443, 2003 WL 22240324, at *1-2 (Tex. App.--Tyler Sept. 30, 2003, no pet.) (mem. op., not designated for publication).

Appellant also questions this court's authority to abate this case for an order on his subsequent request for DNA testing. This court properly abated the appeal to permit the trial court to render a final, appealable order. *See* Tex. R. App. P. 27.1(b), 44.4; *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.--Austin 2013, pet. ref'd); *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). We overrule Appellant's first issue.

**Qualifications and Authority of the Judges**

In his second issue, Appellant argues that Judge Catalano was disqualified from presiding over his DNA motion; that regional administrative judge, Judge Jeff Walker, improperly denied his motion to recuse Judge Catalano; and that Judge Woodlock was not qualified to rule on Appellant's motions.

**Judge Catalano**

An order denying a motion to recuse may be [*6] reviewed for an abuse of discretion on appeal. *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012). Appellant contends that Judge Catalano was disqualified from ruling on his DNA request because Judge Catalano had previously served as an assistant criminal district attorney with the Tarrant County Criminal District Attorney's Office. A judge is disqualified from hearing a case "wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case," Tex. Const. art. V, § 11, or "where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code." Tex. Code Crim. Proc. Ann. art. 30.01 (West 2006). The Texas Court of Criminal Appeals has interpreted these two provisions, explaining that, as applied to former prosecutors, a judge is disqualified only if the record affirmatively demonstrates that the judge actively participated as a prosecutor in the very case at bar. *Gamez v. State*, 737 S.W.2d 315, 319 (Tex. Crim. App. 1987). The mere fact that a judge served as an assistant district attorney [*7] while a defendant's case was pending does not disqualify that judge. *Id.*

Judge Jeff Walker, the administrative judge, heard the motion to recuse and denied the motion based on the evidence presented. The judgment of conviction and the criminal docket list two prosecuting attorneys, Fred Rabalais and Tim Bednarz. Bednarz and former prosecutor Steve Gordon testified that they and Fred Rabalais were the only assistant criminal district attorneys who worked on Appellant's prosecution. The State points out in its brief that the State Bar of Texas website shows that Judge Catalano did not become a licensed attorney until May 1996, after Appellant's trial. *See* For the Public: Find, STATE BAR OF TEXAS, http://www.texasbar.com (last visited Sept. 15, 2014). Because the record amply supports his ruling, Judge Walker did not abuse his discretion in denying Appellant's motion to recuse Judge Catalano. *See Gamez*, 737 S.W.2d at 319.

Appellant also contends that Judge Catalano was biased and prejudiced against him because he had a personal relationship with Fred Rabalais and because Judge Catalano was involved in a conspiracy to deprive Appellant of his DNA rights. Nothing in the record supports Appellant's contentions.

U. S. Government Document

Margaret ... Library
Abilene Christian University
Abilene, TX 79601

*Mines*, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 908, 121 S. Ct. 1234, 149 L. Ed. 2d 143 (2001). Further, we have previously addressed and overruled this issue. *See Reger I*, 222 S.W.3d at 514-15. Finally, Appellant's contention that *Skinner v. Switzer*, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011), overrules our prior holding is without merit. That case stands for the limited proposition that a convicted state prisoner may seek postconviction DNA testing in federal court through a section 1983 claim, not only through a habeas petition. *Id.* at 1293, 1298-1300. Accordingly, we overrule Appellant's fifth issue.

**Conclusion**

Having dismissed a portion of his third issue and having overruled the remainder of his five issues, we deny "Appellant Reger's Second Motion For Leave To Abate Appeal To Trial Court And Allow Refiling Of Out-Of-Time Motion for New Trial; Motion to Disqualify And Motion to Recuse Judge Robb D. Catalano And; Live Hearing To Expand, Support & Preserve Appellate Record," and we affirm the trial court's judgment.

/s/ Anne Gardner

ANNE GARDNER

JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 18, 2014

U. S. G....... ..........
.. . .. .....
Margaret and ... .. .... ... Library
Abilene Christian University
Abilene, TX 79601

UNDER THIS COVER:   APPENDIX- D

FILED
COURT OF APPEALS
SECOND DISTRICT OF TEXAS

FEB - 3 2014

DEBRA SPISAK, CLERK

Russell Jay Reger
TDCJ-CID #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8749
(325)548-9035
www.free-rusty-reger.com

January 29th, 2014

Hon. Debra Spisak, Clerk
COURT OF APPEALS
Second District of Texas
401 W. Belknap, Ste. 9000
Fort Worth, Texas 76196
(817)884-1900

RE:  Court of Appeals No. 02-12-00178-CR
     Trial Court Case No. 0579930D

     RUSSELL JAY REGER Vs. THE STATE OF TEXAS

Dear Ms. Spisak,

This letter / brief is a CLERICAL CORRECTION and/or ADDENDUM to my timely,
properly filed: APPELLANT REGER'S MOTION TO DISQUALIFY AND STRIKE PLEADINGS OF
ADA STEVEN WALLER CONDER BASED ON HIS CONSANGUINITY WITH DORIS WALLER STOREY,
AN ADVERSE VICTIM PARTY ("[MTA3]"). Said was received 01/10/14 and filed 01/17/14
in your official docket.

Specifically, in [MTA3], Section II at Subsection (G) in Page 4, the follow-
ing genealogy should be corrected to read:

    RAYMOND CECIL CONDER, JR (Father) (DOB: 07/30/30);
    MARY HELEN WALLER (Mother);
    Married: (05/16/61) Rock County (Janesville), Wisconsin;
    Begot: ADA STEVEN WALLER CONDER (SBOT 04656510) (DOB: 05/24/64); and
    Married: ANNE VAN WICKLER

    -AND-

    EMMETT E. WALLER (Father) (DOB: 04/30/1909);
    IMOGENE HUFF (Mother) (DOB: 09/07/1908);
    Married / Begot: DORIS JEAN WALLER (DOB: 06/05/44); and
    Married: WILLIAM STOREY

- 1 -

As of 09/16/2002 – RAYMOND CECIL CONDER, JR., lived in Benbrook (Tarrant County), Texas, until his death. EMMETT E. WALLER lived in Arlington (Tarrant County), Texas, until his death on 11/17/86. IMOGENE WALLER continued living in Tarrant County, Texas, until her death on 11/25/91.

Please make sure this information and correction is presented at same time as the [MTA3] is presented and considered by the Court.

I, Russell Jay Reger, TDCJ-CID #747783, being factually innocent and wrongfully incarcerated under an uncontroverted, adoptively admitted (By The TCCDAO) illegal- null and VOID judgment of conviction and sentence, in the French M. Robertson Unit of the TDCJ-CID System, in Jones County, Texas; do hereby verify and declare under penalty of perjury that the foregoing LETTER BRIEF; ADDENDUM; and STATEMENTS made herein are all true and correct, as well as offered by me- in GOOD FAITH.

[Tex.Civ.Prac. & Rem. Code § 132.001-003 et seq. / Title 28 U.S.C. § 1746]
(A signed / dated copy of this ADDENDUM shall have the same validity as its original)

Respectfully Submitted.

/s/
Appellant, Pro Se
Russell Jay Reger #747783
French M. Robertson Unit.
12071 FM 3522
Abilene, Texas 79601-8749
(325)548-9035
www.free-rusty-reger.com

RJR:file

xc: Steven Waller Conder (SBOT No. 04656510)
Asst. Criminal District Attorney
Tim Curry's Injustice Center
401 W. Belknap St.
Fort Worth, Texas 76196-0201 .
(817)884-1687
www.tarrantcounty.com

– 2 –

**UNDER THIS COVER:** **APPENDIX- E**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00178-CR

RUSSELL JAY REGER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## ORDER

------------

We have considered "Appellant Reger's Motion To Disqualify And Strike Pleadings Of ADA Steven Waller Conder Based On His Consanguinity With Doris Waller Storey, An Adverse Victim Party" filed by appellant Russell Jay Reger, pro se.

The motion is **DENIED**.

The clerk is directed to transmit a copy of this order to the appellant and the State's attorney of record.

DATED January 30, 2014.

PER CURIAM

**UNDER THIS COVER:** <u>APENDIX- F</u>



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00178-CR

RUSSELL JAY REGER                                    APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 0579930D

----------

## ORDER

----------

We have considered "Appellant Reger's Motion For En Banc Reconsideration Of Appellate Court's Per Curiam Order Dated January 30, 2014" filed by appellant Russell Jay Reger, pro se.

The motion is **DENIED**.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

DATED September 18, 2014.

PER CURIAM

EN BANC

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

UNDER THIS COVER: APPENDIX- G



FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 12 2012

TIME _____ /.20 _____
BY _____ ZUZC DEPUTY

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00178-CR

RUSSELL JAY REGER                                       APPELLANT

V.

THE STATE OF TEXAS                                      APPELLEE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## ABATEMENT ORDER

------------

Appellant Russell Jay Reger attempts to appeal from the denial of his subsequent motion for DNA testing. On August 10, 2012, after receiving the clerk's record, this court notified the parties of our concern that we lack jurisdiction over the appeal because our review of the clerk's record reveals no order denying Appellant's motion for subsequent DNA testing.

Appellant contends that the March 13, 2012 order, appearing in the clerk's record immediately after the State's March 13, 2012 response to his motion for subsequent DNA testing and a blank copy of the order, was intended to be an order denying his motion for subsequent DNA testing. That untitled March 13, 2012 order provides,

## FINDINGS

1. The defendant admitted to the jury that he shot William Matthew Storey four times.

2. The defendant admitted in his original DNA testing request that he shot William Matthew Storey four times.

3. The defendant's identity as the perpetrator of this murder is not at issue.

4. The defendant has not met the requirements for post-conviction forensic DNA testing under Chapter 64 of the Code of Criminal Procedure.

## ORDER

1. The Court denies the defendant's *request for appointment of counsel to represent him on a* subsequent motion for post-conviction forensic DNA testing. [Emphasis added.]

Despite the emphasized language in the visiting judge's order, our review of the clerk's record does not reveal that any request for appointment of counsel was pending when the visiting judge signed the March 13, 2012 order.

Accordingly, in the interest of justice and judicial economy, rather than dismiss the appeal for want of jurisdiction, *see* Tex. R. App. 44.4, *In re Morton*, 326 S.W.3d 634, 639 n.3 (Tex. App.—Austin 2010, no pet.), we GRANT

2

Appellant's request that we abate this appeal IN PART and we DENY the remainder of Appellant's pending requests.

We ORDER the appeal abated, and remand this case to the trial court so that the order on Appellant's motion for subsequent DNA testing may be finalized. The trial court clerk shall file a supplemental clerk's record containing the order on or before **Tuesday, September 25, 2012**. Upon receipt of a timely-filed supplemental record, the period of abatement will end, and this appeal will be reinstated without further order of the court.

The clerk of this court is ordered to transmit copies of this order to Appellant, the State's attorney of record, the trial court judge, and the trial court clerk.

DATED September 10, 2012.

PER CURIAM

3

UNDER THIS COVER:  APPENDIX- H



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00178-CR

RUSSELL JAY REGER                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 0579930D

------------

## ORDER

------------

We have considered appellant's "Motion For Rehearing Memorandum Opinion Dated 9/18/2014."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of September 18, 2014 stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED October 23, 2014.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

# PRIORITY ★ MAIL ★ ®

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

FIRMLY TO SEAL

01 2510 0003 1040 0846

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



From:
R. Jay Reger #747783
F.M. Robertson Unit
12071 FM 3522
Abilene, Texas 79601-8149

To: Hon. Abel Acosta, Clerk
Court of Criminal Appeal
P.O. Box 12308
Austin, Texas 78711-23