NO. 07-05-0206-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 1, 2006
_____

In re RUSSELL JAY REGER
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 05-03-19,935; HON. HAROLD PHELAN, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Russell Jay Reger (Reger), an indigent inmate, appeals from an order dismissing his "Petition [under Texas Rule of Civil Procedure 202] to Take Deposition to Investigate Potential Claim."[1] The trial court dismissed the petition because Reger allegedly failed to comply with Rule 202.2(f)(1) and (2) of the Rules of Civil Procedure and with §14.004 of the Civil Practice and Remedies Code. Reger contends in four issues that the trial court abused its discretion 1) by dismissing as moot his motion to request the Attorney General's office to show its authority to appear in the case, 2) by finding that he failed to comply with Rule 202.2(f) of the Rules of Civil Procedure, 3) by finding that he failed to comply with the

---

[1]It has been held that such an order is a final, appealable one if the petition seeks discovery from a third party against whom a suit is not contemplated. *Thomas v. Fitzgerald,* 166 S.W.3d 746, 747 (Tex. App.— Waco 2005, no pet.).

Civil Practice and Remedies Code, and 4) by dismissing his discovery proceeding on procedural grounds "when the underlying potential claim stemmed from a void judgment" in a criminal case. We affirm the order of the trial court.

Assuming *arguendo*, that any of the issues of Reger had foundation and the trial court erred in dismissing on the grounds it did, we find the error harmless. This is so for several reasons. First, Rule 202 is found in the Texas Rules of *Civil* Procedure. Next, the Texas Rules of Civil Procedure "govern the procedure . . . in all actions of a civil nature." TEX. R. CIV. P. 2. Third, a proceeding of the ilk described in Rule 202 is not an independent suit, but a proceeding "ancillary to [an] anticipated suit." *Office Employees Int'l Union v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965). Fourth, combining the presence of Rule 202 in the Rules of *Civil* Procedure with the fact that those rules govern civil proceedings, and with the truism that a Rule 202 proceeding is ancillary to an anticipated suit, we conclude that the anticipated suit must itself be civil in nature.

Fifth, it is beyond dispute that Reger seeks to depose the trial judge who presided over his criminal trial to obtain evidence to nullify his felony conviction for murder. Sixth, effort to nullify a felony conviction must be undertaken via habeas corpus instituted per art. 11.07 of the Texas Code of Criminal Procedure. And, seventh, an art. 11.07 habeas proceeding is not civil in nature, but criminal. *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004). So, because the anticipated suit or claim Reger desired to initiate is criminal, as opposed to civil in nature, the relief afforded under Rule 202 was unavailable to him.

2

In sum, criminal matters have their own rules of discovery, such as they are.  We opt not to enhance that body of rules by engrafting on to them Texas Rule of Civil Procedure 202.  We leave that to the courts of last resort.  Accordingly, the order of dismissal is affirmed.


Brian Quinn
Chief Justice

3