

**NUMBER 13-09-00494-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE: DONNA INDEPENDENT SCHOOL DISTRICT,
ALFREDO LUGO, GEORGE HERNANDEZ,
NICK CASTILLO, AND RENE REYNA**

**On Relators' Petition for Writ of Mandamus
and Emergency Motion for Temporary Relief**

# O P I N I O N

**Before Justices Rodriguez, Garza, and Vela
Opinion by Justice Garza**

Relators, Donna Independent School District ("Donna ISD"), Alfredo Lugo, George Hernandez, Nick Castillo, and Rene Reyna, filed a petition for writ of mandamus alleging that respondent, the Honorable Israel Ramon Jr., presiding judge of the 430th Judicial District Court of Hidalgo County, Texas, abused his discretion by granting the "Verified Petition to Take Deposition Before Suit" filed by the real party in interest, Oscar Cassiano. Relators also filed an "Emergency Motion for Temporary Relief" with this Court asking us to stay the trial court proceedings until such time as the petition may be fully considered. On August 26, 2009, we granted the emergency motion and requested that Cassiano file a response to relators' petition. Cassiano filed a response on September 4, 2009, and

relators filed a reply to said response on September 18, 2009. Having examined and fully considered relators' petition, Cassiano's response, and relators' reply, we deny the petition and lift the emergency stay.

## I. BACKGROUND

Cassiano sought the court's permission, under Texas Rule of Civil Procedure 202, to take the pre-suit depositions of Donna ISD board members Lugo, Hernandez, Castillo and Reyna, as well as Rachel Martinez, a teacher employed by Donna ISD.[1]  *See* TEX. R. CIV. P. 202.1.  According to his verified petition, Cassiano sought to take the depositions "to investigate a potential claim" for "slander and tortious interference with contract arising from [Cassiano's] employment with [Donna ISD]."  *See* TEX. R. CIV. P. 202.1(b).  The petition specifically alleged the following underlying facts:

> In the middle of an administrative proceeding contesting his termination from Donna ISD, Cassiano, the chief financial officer and employee of Donna ISD[,] became aware that a Donna ISD concerned citizen had stated in open session at a recent Donna ISD board meeting that money had been given to one or more of the Donna ISD school board members to influence the board into terminating Cassiano's employment with the Donna ISD and employ the purveyor of the money.  Further, Cassiano also became aware that false statements about his job performance had been made all in an effort to oust him from his employment with Donna ISD.
>
> . . . .
>
> Without eliciting testimony on the issue from [relators], it is likely [Cassiano] will not receive a fair and unbiased hearing before the Donna ISD school board as Constitutionally required by the Due Process Clause.

The board members filed a response to the petition, arguing that the depositions should not be authorized for two reasons.  First, they contended that Cassiano's request should be denied because the relators retained governmental immunity from the potential tort claims.  *See, e.g., Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.051 (Vernon 2005) (waiving immunity for school districts only for claims arising from the operation or use of a motor vehicle);

---

[1] Martinez is not a party to this original proceeding.

2

TEX. EDUC. CODE ANN. § 22.0511(a) (Vernon Supp. 2008) (providing immunity for professional employees of school districts for any act that is within the scope of employment and that involves the exercise of discretion, other than acts involving excessive discipline or negligence resulting in bodily injury to students). Second, the board members argued that, because Cassiano had not exhausted his administrative remedies, the trial court would lack jurisdiction over the underlying dispute and therefore lacks jurisdiction to grant relief under Rule 202. *See* TEX. EDUC. CODE ANN. § 7.057 (Vernon 2006) (providing an administrative appeals process for persons aggrieved by school laws, violations of school laws, or violations of school district employment contracts); *see also, e.g., Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 354 (Tex. 2005) (stating that "exhaustion of administrative remedies [is] a prerequisite to the trial court's jurisdiction").

After a hearing on August 12, 2009, the trial court granted Cassiano's Rule 202 petition and issued findings of fact and conclusions of law in support thereof. Relators now challenge the order through the instant petition for writ of mandamus.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner; or, stated differently, when it acts without reference to guiding rules and principles. *See, e.g., Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). An appeal is inadequate, and mandamus relief is therefore appropriate, where a trial court abuses its discretion by granting a petition for pre-suit depositions under Rule 202. *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.–Austin 2006, orig. proceeding).

Under Rule 202, a person may petition a trial court for an order authorizing pre-suit depositions in order to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(b).[2] The trial court must then grant the petition if, but only if, it finds that the likely benefit of allowing the petitioner to take the requested depositions outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a)(2).

The petition must be filed "in a proper court of any county" where the witness resides. TEX. R. CIV. P. 202.2(b)(2). "A reasonable interpretation of 'proper court' is a court with jurisdiction over the underlying dispute." *City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 340 (Tex. App.–Fort Worth 2005, no pet.). In determining whether a court is "proper" where no suit is yet anticipated, as here, we look to the reasons stated by the petitioner for desiring to obtain the testimony. *Id.*; *see* TEX. R. CIV. P. 202.2(g) (providing that a Rule 202 petition must state petitioner's reasons for desiring to obtain the testimony of the proposed deponents).

### III. ANALYSIS

Relators argue that the trial court would lack jurisdiction over Cassiano's potential suit because (1) relators are entitled to governmental immunity to suit, and (2) Cassiano has not exhausted his administrative remedies under the education code. According to relators, the trial court is therefore not a "proper court" under the definition provided in *City of Willow Park*, 166 S.W.3d at 340. These arguments are predicated on relators' contention that, "[b]ased on his allegations and contentions at the [August 12] hearing, it is clear that [Cassiano] anticipates a lawsuit against [the board members and Martinez] in their capacities as officials and employee of the Donna ISD."

---

[2] Rule 202 offers two exclusive avenues of relief for parties seeking to take pre-suit depositions. Rule 202.1(b) is available for petitioners who wish "to investigate a *potential claim or suit*," whereas Rule 202.1(a) allows the authorization of pre-suit depositions in order "to perpetuate or obtain the [petitioner]'s own testimony or that of any other person for use *in an anticipated suit*." TEX. R. CIV. P. 202.1(a), (b) (emphases added). As noted below, relators argue that Cassiano anticipates suing them and that Rule 202.1(a) should therefore apply. However, based upon Cassiano's petition and arguments made by counsel at the August 12 hearing, the trial court concluded, and we agree, that Cassiano's Rule 202 petition instead sought deposition testimony "to investigate a potential claim or suit." *See* TEX. R. CIV. P. 202.1(b). Accordingly, we analyze the propriety of the trial court's order within the context of Rule 202.1(b).

4

We do not agree with relators' premise that Cassiano necessarily anticipates bringing a lawsuit against relators. Cassiano specifically stated in his Rule 202 petition that he sought to take pre-suit depositions in order to determine if he has a claim for slander and tortious interference with contract, both arising out of statements allegedly made by a "concerned citizen" at a Donna ISD board meeting. It is not at all clear to this Court that Cassiano's potential claims, if they are indeed eventually pursued, will necessarily be brought against relators. Moreover, "[t]here is no requirement in Rule 202 that the person sought to be deposed be a potentially liable defendant in the claim under investigation." *City of Houston v. U.S. Filter Wastewater Group, Inc.*, 190 S.W.3d 242, 245 (Tex. App.–Houston [1st Dist.] 2006, no pet.).

Additionally, it is not certain that Cassiano would first be required to exhaust the administrative appeals process provided in the education code. That process applies only to complaints alleging violations of school laws or of school district employment contracts. TEX. EDUC. CODE ANN. § 7.057(a). However, Cassiano's Rule 202 petition states that his potential claim is for slander or tortious interference with contract, not a violation of school law or a violation of his employment contract. If the evidence obtained through discovery establishes that suit is warranted on the slander or tortious interference causes of action, Cassiano would not be required to exhaust administrative remedies before filing suit in a court of law.[3]

---

[3] The trial court noted in its conclusions of law that exhaustion of administrative remedies is not required if the claim at issue is for a violation of a constitutional or federal statutory right. *Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 91 n.3 (Tex. 1992). The trial court further concluded that Cassiano's pleadings "are sufficient to allege a constitutional claim" and that such constitutional claim is "not solely ancillary" to Cassiano's state law tort claims. *See Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 292-93 (Tex. App.–Dallas 2005, no pet.) ("Where the constitutional claims brought by a school employee are only ancillary to and supportive of a complaint about the board's handling of an employment contract or application of school law, the employee must first exhaust the administrative process.").

Relators contend that this conclusion was erroneous because: (1) Cassiano's pleadings were not, in fact, sufficient to allege a constitutional claim; and (2) to the extent that Cassiano did effectively plead a constitutional claim, such claim is only "ancillary to his complaint concerning his employment contract." We need not determine whether the trial court erred in this regard, however, because even if Cassiano failed to properly plead a non-ancillary constitutional claim, we find no abuse of discretion in the trial court's granting of Cassiano's Rule 202 petition for the reasons stated. *See* TEX. R. APP. P. 47.1.

Looking to the reasons stated by Cassiano for desiring to obtain the deposition testimony, *see City of Willow Park*, 166 S.W.3d at 340, we cannot say that the trial court would lack jurisdiction over the underlying claim such that it would not be a "proper court" under Rule 202.2(b)(2). We therefore conclude that the trial court did not abuse its discretion by granting Cassiano's verified petition for pre-suit depositions.

## IV. CONCLUSION

For the foregoing reasons, relators' petition for writ of mandamus is DENIED. Having denied the petition, we hereby LIFT the emergency stay of proceedings previously imposed in trial court cause number C-1672-09.

DORI CONTRERAS GARZA,
Justice

Opinion delivered and filed on
the 6th day of October, 2009.

6