*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-12-00269-CV

Carlos **LARA**,
Appellant

v.

E. Karl **PROHL**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B03-157
Honorable Rex Emerson, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 5, 2012

AFFIRMED

Carlos Lara appeals the trial court's order denying his petition for a pre-suit deposition

pursuant to Texas Rule of Civil Procedure 202. Lara sought to depose former judge E. Karl

Prohl,[1] who presided over the trial in which Lara was convicted of aggravated sexual assault of a

child. Lara contends the trial court erred by: (1) finding he failed to appear for the hearing on his

---

[1] E. Karl Prohl was formerly the presiding judge of the 198th Judicial District Court. He is no longer the presiding judge of that court.

petition; and (2) denying his petition. We overrule Lara's contentions and affirm the trial court's order.

## FAILURE TO APPEAR

In his first issue, Lara asserts the trial court erred in finding that he failed to appear for the hearing on his petition. The trial court scheduled the hearing for February 9, 2012, at 1:00 p.m. and granted Lara permission to appear at the hearing telephonically. The reporter's record from the hearing establishes that the trial court called the matter for a hearing and stated on the record, "All right, and for purposes of the record, Mr. Lara has not called in and contacted the Court. It's approximately four after 1:00 and this is a civil motion to depose wherein Mr. Lara had an obligation to appear."

In his brief, Lara asserts that he arranged the telephone conference with the prison's access to courts supervisor; however, the trial court failed to return the call of the access to courts supervisor. Lara supports his assertion with an affidavit attached to his brief. This court, however, cannot consider documents that are attached as an appendix to a brief that are not formally included in the appellate record. *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *Sowell v. The Kroger Co.*, 263 S.W.3d 36, 38 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Accordingly, the record contains no evidence that Lara made arrangements to be present by telephone. Moreover, we note that there appears to be "no authority … stating that a court is *required to arrange* a telephonic conference for an incarcerated litigant or that the entire responsibility for arranging a telephonic appearance falls solely on the trial court." *In re Caraway*, No. 2-05-359-CV, 2007 WL 1879768, at *3 (Tex. App.—Fort Worth 2007, no pet.) (emphasis in original) (mem. op.). Lara's first issue is overruled.

**DENIAL OF PETITION**

In his second issue, Lara challenges the trial court's denial of his petition. We review the trial court's ruling on a Rule 202 petition under an abuse of discretion standard. *See In re Does*, 337 S.W.3d 862, 865 (Tex. 2011); *In re Donna Indep. Sch. Dist.*, 299 S.W.3d 456, 459 (Tex. App.—Corpus Christi 2009, orig. proceeding [mand. denied]). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner. *In re Donna Indep. Sch. Dist.*, 299 S.W.3d at 459. A trial court does not abuse its discretion if it reaches the right result, even for the wrong reason. *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *In re Acevedo*, 956 S.W.2d 770, 775 (Tex. App.—San Antonio 1997, orig. proceeding).

Rule 202.2 lists the required contents of a petition seeking a pre-suit deposition. *See* TEX. R. CIV. P. 202.2. Rule 202.2 states the petition "must" include the listed items. *Id.* "The intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *In re Does*, 337 S.W.3d at 865. "There is 'cause for concern about insufficient judicial attention to petitions to take presuit discovery' and 'judges should maintain an active oversight role to ensure that [such discovery is] not misused.'" *Id.* (quoting *Access to Information, Access to Justice: The Rule of Presuit Investigatory Discovery*, 40 U. MICH. J.L. REFORM 217, 273-74 (2007)); *see also City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 557 (Tex. App.—Dallas 2011, no pet.) (quoting *In re Does*). "Rule 202 is not a license for forced interrogations," and "[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011).

Rule 202.2 requires a petition seeking a pre-suit deposition to "state the subject matter of the anticipated action" and "state the names of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit." TEX. R. CIV. P. 202.2(e), (f)(1). In this case,

Lara's petition failed to include the names of the persons he expected to have interests adverse to his. This is evidenced by this court having to issue a show cause order to ascertain who Lara contemplated suing for jurisdictional purposes.[2] Although Lara clarified that he had "NO desire to file a suit" against Prohl, he stated only that he intended to "prepare a suit against the District Attorney." In addition to this statement being outside the petition, it fails to clarify the "subject matter" of the anticipated action. Therefore, the trial court did not abuse its discretion in denying Lara's petition because the petition failed to comply with Rule 202.2.

If we make an effort to glean the subject matter of the anticipated action from the statements made in Lara's petition, we would conclude that he was seeking to depose Prohl to obtain evidence to attack Lara's felony conviction by establishing that Prohl was disqualified from presiding over his criminal trial. Lara's sole avenue for challenging his conviction at this point, however, is via a post-conviction petition for writ of habeas corpus; therefore, the anticipated action would be criminal, as opposed to civil, in nature, and the relief afforded under Rule 202 would not be available to Lara. *In re Reger*, 193 S.W.3d 922, 923 (Tex. App.—Amarillo 2006, pet. denied). In such an event, the denial of his petition would not be an abuse of discretion. *See id*. Lara's second issue is overruled.

**CONCLUSION**

The trial court's order is affirmed.

Catherine Stone, Chief Justice

---

[2] If Lara contemplated suing Prohl, the trial court's order would be interlocutory, requiring the appeal to be dismissed. *See Thomas v. Fitzgerald*, 166 S.W.3d 746, 747 (Tex. App.—Waco 2005, no pet.) (order on petition to perpetuate testimony is interlocutory for appeal purposes if discovery is sought from person against whom suit is filed or contemplated).