

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00090-CV

**CITY OF DALLAS,**

                                                  **Appellant**

 **v.**

**CITY OF CORSICANA, NAVARRO COUNTY,
AND NAVARRO COLLEGE,**

                                                  **Appellees**

_____

### From the County Court
### Navarro County, Texas
### Trial Court No. C13-22750-CV

_____

### No. 10-14-00171-CV

### IN RE CITY OF DALLAS

_____

### Original Proceeding

---

## MEMORANDUM OPINION

---

In this interlocutory appeal and this original proceeding arising out of a petition

for rule 202 pre-suit depositions by the City of Corsicana, Navarro College, and Navarro County, the City of Dallas complains about the trial court's denial of Dallas's plea to the jurisdiction and the trial court's grant of the rule 202 petition and ordering of depositions.

**Plea to the Jurisdiction**

Navarro's rule 202 amended petition alleges that City of Corsicana, Navarro College, and Navarro County (collectively Navarro) entered into tax-abatement agreements with Home Depot in 2009. The agreements provided for liquidated damages if Home Depot failed to perform, with the liquidated damages consisting of all taxes that otherwise would have been paid to Navarro without the benefit of the abatements, plus interest.

In 2011, Home Depot entered into a tax-abatement agreement with Dallas, and later that year it announced that it was closing its warehouse facility in Corsicana and moving its operations to Dallas. Navarro sued Home Depot for liquidated damages under the Navarro tax-abatement agreements, and that suit was settled.

Navarro then filed its rule 202 petition against Dallas in Navarro County and based venue there on an anticipated suit, which was a claim for tortious interference with the tax-abatement agreements between Navarro and Home Depot. Dallas filed a plea to the jurisdiction, asserting its immunity from the tortious-interference claim because its negotiation of its own tax-abatement agreement with Home Depot was the exercise of a governmental function. Navarro filed a rule 202 amended petition and asserted that Dallas did not have immunity because Dallas's act of luring away Home Depot's warehouse facility to Dallas was a proprietary act, not a governmental function. Dallas

City of Dallas v. City of Corsicana, Navarro County, and Navarro College                    Page 2

then filed a second plea to the jurisdiction in response to the amended petition. After a hearing, the trial court denied the plea to the jurisdiction and granted the petition in an order that allows depositions and the production of documents.

Dallas's first issue in its interlocutory appeal asserts that the trial court erred in denying the plea to the jurisdiction. A rule 202 petition must "be filed in a *proper court* of any county … ."[1] TEX. R. CIV. P. 202.2(b) (emphasis added). Rule 202 does not itself waive sovereign or governmental immunity. *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 553-54 (Tex. App.—Dallas 2011, no pet.). A "proper court" is a court with subject-matter jurisdiction over the underlying dispute, so we must look to the substantive law of the underlying dispute or the anticipated suit to determine jurisdiction. *See id.* at 554-57; *In re Donna ISD*, 299 S.W.3d 456, 459-61 (Tex. App.—Corpus Christi 2009, orig. proceeding); *cf. In re Dallas County Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at *3 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) ("The trial court abused its discretion in concluding that real party was entitled to discovery under Rule 202 under the facts of this case because there was no evidence before the trial court that could provide a basis for concluding that real party's potential claim would not be barred by sovereign immunity.")[2]

---

[1] Because Dallas did not object to venue in Navarro County, no venue issue is before us.

[2] We disagree with Dallas that it is immune simply because Navarro is seeking investigatory pre-suit depositions under rule 202.1(b), rather than pre-suit depositions for use in an anticipated suit under rule 202.1(a). While, as just noted above, rule 202 is not a waiver of immunity, with a petition for investigatory pre-suit depositions under rule 202.1(b), we still look at the underlying dispute or potential claim to determine the trial court's subject-matter jurisdiction. *See Donna ISD*, 299 S.W.3d at 460. And the Dallas Court of Appeals has rejected the City of Dallas's similar argument, stating: "Thus, the fact that rule 202 does not provide for waiver of immunity is not dispositive as to whether a rule 202 deposition can be used to investigate a potential claim against a governmental entity that has immunity from suit." *Dallas Black*

A municipality's immunity from suit defeats a trial court's subject-matter jurisdiction; thus, it is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

> A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226-27 (Tex. 2004). When reviewing whether a plea was properly granted [or denied], we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent. *Id.* at 226. The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *Id.* at 226-27. If the pleadings do neither, it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings. *Id.*

*City of Waco v. Kirwan,* 298 S.W.3d 618, 621-22 (Tex. 2009). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227. The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). We accept the pleading's factual allegations as true. *Miranda,* 133 S.W.3d at 226.

Governmental functions "are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by

---

*Fire Fighters Ass'n,* 353 S.W.3d at 554; *see also Combs v. Tex. Civ. Rights Project,* 410 S.W.3d 529, 534-35 (Tex. App.—Austin 2013, pet. denied) ("while pre-suit depositions under rule 202 are not necessarily barred by sovereign immunity, governmental entities are protected from pre-suit depositions to the same extent they would be protected from the same depositions in the contemplated suit underlying the proceedings").

the municipality in the interest of the general public." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a) (West Supp. 2014). That statute then sets forth a lengthy, non-exhaustive list of governmental functions and a short, non-exhaustive list of proprietary functions. *Id.* § 101.0215(a, b). "[T]he Legislature has expressly provided that proprietary functions of a municipality do not include those governmental activities listed in the statute. *Id*. at § 101.0215(c). Therefore, the Legislature has given deference to the judiciary to interpret what constitutes a proprietary function only to the extent it is not listed in the statute." *City of Boerne v. Vaughan,* No. 04-12-00177-CV, 2012 WL 2839889, at *2 (Tex. App.—San Antonio July 11, 2012, no pet.).

> The proprietary-governmental dichotomy has been used to determine a municipality's immunity from suit for tortious conduct. The distinction has not been a clear one, but generally speaking, a municipality's proprietary functions are those conducted "in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government," while its governmental functions are "in the performance of purely governmental matters solely for the public benefit." A municipality is not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its governmental functions.

*Tooke v. City of Mexia,* 197 S.W.3d 325, 343 (Tex. 2006) (citations in footnotes omitted); *see City of Midlothian v. Black,* 271 S.W.3d 791, 795 (Tex. App.—Waco 2008, no pet.). In *Hudson v. City of Houston*, 392 S.W.3d 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied), the court provided an excellent discussion on the difference between governmental and proprietary functions when courts are called to make such a determination:

> Texas courts have defined governmental functions as those public acts that a municipality performs as the agent of the State in furtherance of general law for the interest of the public at large. *Gates,* 704 S.W.2d at 738; *Truong v. City of Houston,* 99 S.W.3d 204, 209-10 (Tex. App.—Houston [1st

Dist.] 2002, no pet.); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a) (defining "governmental functions" as "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public"). A city functions in its governmental capacity when it performs functions mandated by the state. *Truong,* 99 S.W.3d at 210.

In contrast, when a municipality chooses to undertake activities that are not integral to its function as an arm of the state, those functions are generally considered proprietary functions. *See City of Houston v. Sw. Concrete Constr., Inc.,* 835 S.W.2d 728, 731 (Tex. App.—Houston [14th Dist.] 1992, writ denied). More precisely, Texas courts have defined a municipality's proprietary functions as "one a city performs, in its discretion, primarily for the benefit of those within the corporate limits of the city, rather than for the use by the general public." *Truong,* 99 S.W.3d at 209 (citing *City of Gladewater v. Pike,* 727 S.W.2d 514, 519 (Tex.1987)); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(b) (defining "proprietary functions" as "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality"). In other words, actions "undertaken for the benefit of private enterprise or the residents of the municipality rather than for the benefit of the general public" are deemed proprietary. *See Sw. Concrete,* 835 S.W.2d at 731.

One Texas court has summarized the distinction between governmental and proprietary functions as follows: "[T]he key difference between governmental and proprietary functions—both of which are performed by municipalities for the benefit of their citizens—is this: Governmental functions are what a municipality must do for its citizens and proprietary functions are what a municipality may, in its discretion, perform for its inhabitants." *Oldfield v. City of Houston,* 15 S.W.3d 219, 226 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). In a commentary, Chief Justice Greenhill offered the following practical explanation: "Essentially, governmental functions are those normally performed by governmental units, e.g., police and fire protection, while the proprietary functions are those that can be, and often are provided by private persons, e.g., gas and electric service." Joe R. Greenhill and Thomas V. Murto III, *Governmental Immunity,* 49 TEXAS L. REV. 462, 463 (1971).

392 S.W.3d at 723.

Dallas asserts that entering into a tax-abatement agreement is governmental because only governmental entities can enter into such agreements. *See* TEX. CONST. art.

8, § 1-g; TEX. TAX CODE § 312.204 (West 2015). But that assertion does not settle the issue for several reasons. First, we note that entering into a tax-abatement agreement or recruiting a business are not statutory governmental functions.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a).

Next, Navarro argues that its potential claim is not that Dallas entered into a tax-abatement agreement with Home Depot, but that Dallas tortiously interfered with the Navarro tax-abatement agreements by inducing Home Depot to breach its agreements with Navarro by offering Home Depot a better deal. We agree with Navarro that this distinction makes the governmental nature of Dallas's tax-abatement agreement with Home Depot irrelevant to the governmental-proprietary analysis, as the Corpus Christi court similarly held:

> The City argues that Absolute's cause of action is a governmental function because under the Texas Tort Claims Act, the removal, collection, and disposal of solid waste and garbage is one of the enumerated activities that has been deemed by the Texas Legislature as a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215 (Vernon Supp. 2001). However, we note that the actions which Absolute complains of do not center on the removal, collection or disposal of solid waste, but rather on the City's interference with contractual relations. The fact that the contract at issue was a solid waste removal contract is irrelevant; it could have easily been any other type of contract.

*City of Corpus Christi v. Absolute Industries*, 120 S.W.3d 1, 3 (Tex. App.—Corpus Christi 2001, pet. denied); *see also Williams v. City of Midland*, 932 S.W.2d 679, 683-84 (Tex. App.—

---

[3] For this reason we find *PKG Contracting, Inc. v. City of Mesquite*, 197 S.W.3d 388 (Tex. 2006), distinguishable; there the court concluded that because the Legislature had statutorily included "sanitary and storm sewers" among a municipality's governmental functions for purposes of tort liability, the city was acting in its governmental capacity when it contracted with the plaintiff to construct a storm drainage system. *Id.* at 388-89 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(9)).

El Paso 1996, no writ) (while providing police protection is governmental, recruiting police officers is proprietary). In support, the court cited and discussed *City of Houston v. Shilling*, 150 Tex. 387, 240 S.W.2d 1010 (Tex. 1951):

> The [Texas Supreme Court] held that although the cause of action touched upon garbage collection, a governmental function of the municipality, the repair of trucks involved in that function was for the city's "own benefit and convenience." *Id.* As such the court opined that the "maintenance of a garage by the Garage Department of the City of Houston for the repair of the trucks used in such department is not a governmental function nor a necessary element of a governmental function so as to relieve the city from liability." *Id.* Here, Absolute's pleadings focus on alleged tortious actions taken by the City that do not involve governmental function but rather stem from lost profits caused by the use of an alternative landfill. We hold that merely because this cause of action touches upon waste and disposal to this remote degree does not make this act a governmental function; and in light of the pleadings alleging that this act was done on the City's part to avoid monetary loss, we hold that this action is proprietary. *See Dilley*, 148 Tex. at 193, 222 S.W.2d 992 (holding that a municipal corporation may be held liable for "acts in its private capacity, for the benefit only of those within its corporate limits").

*Absolute Industries*, 120 S.W.3d at 4.

Lastly, business recruiting via tax abatement is in the category of functions that a municipality may, in its discretion, perform and that, in this situation, benefits the citizens of Dallas, rather than the general public at large. *See Williams*, 932 S.W.2d at 684 (recruiting police officers is proprietary). Business recruiting is also a function that private persons and entities can and do provide. In other words, it is a proprietary function. Therefore, we cannot say that Dallas has immunity from suit on Navarro's potential claim for tortious interference such that the trial court did not have subject-matter jurisdiction over Navarro's rule 202 petition.

We also disagree with Dallas's additional argument that we should address its merits-based arguments on why Navarro does not have a valid claim for tortious interference against Dallas. *See In re East,* --- S.W.3d ---, ---, 2014 WL 4248018, at *5 (Tex. App.—Corpus Christi Aug. 22, 2014, orig. proceeding) (a "merits-based defense to the potential lawsuit is not a valid objection to a petition seeking presuit depositions").[4] As we have noted, rule 202 "does not require a potential litigant to *expressly* state a viable claim before being permitted to take a pre-suit deposition." *In re Denton,* No. 10-08-00255-CV, 2009 WL 471524, at *2 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) (citing *In re Emergency Consultants, Inc.,* 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding)).

> Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.,* 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also City of Houston v. U.S. Filter Wastewater Grp., Inc.,* 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 202 does not require a petitioner to plead a specific cause of action."). In other words, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

*In re Reassure Am. Life Ins. Co.,* 421 S.W.3d 165, 173 (Tex. App.—Corpus Christi 2013, orig. proceeding). The trial court did not err in denying the plea to the jurisdiction. We

---

[4] Furthermore, in deciding a plea to the jurisdiction, we may not weigh the merits of the plaintiff's claim. *City of Mont Belvieu v. Enterprise Products Operating, LP,* 222 S.W.3d 515, 519 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001); and *Bland ISD v. Blue,* 34 S.W.3d 547, 554-55 (Tex. 2000)).

overrule issue one in the interlocutory appeal.[5]

## Rule 202

In its second issue and in its original proceeding, Dallas challenges various aspects of the trial court's order that grants the rule 202 amended petition and authorizes depositions and the production of documents, including the deposition of the City of Dallas on written questions and the production of documents and the deposition of the corporate representative(s) of the City of Dallas. We must first determine whether that order is appealable or is properly challengeable only by mandamus.

Rule 202 allows depositions under two circumstances: (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; and (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1. In its rule 202 amended petition and its rule 202 supplemental petition, Navarro makes clear that it is seeking depositions under rule 202.1(b) to investigate a potential claim or suit and that it is not seeking depositions to perpetuate or obtain testimony for use in an anticipated suit. But as Dallas notes, Navarro's petition also refers several times to its "anticipated" suit. In its brief in the interlocutory appeal, Navarro clarifies: "If a suit is going to be filed, it will be filed against Dallas. Here, the claim is only a potential claim but Dallas is a potential party."

Our precedent is that if the rule 202 order allows the presuit deposition of a person against whom suit is contemplated, the order is interlocutory and there is no appellate

---

[5] In the first issue of its petition for writ of mandamus, Dallas identically argues that the trial court lacked subject-matter jurisdiction to enter the rule 202 order authorizing depositions. For the same reasons, we overrule that issue.

jurisdiction. *Pishko v. Yurttas,* No. 10-11-00124-CV, 2011 WL 2937484 (Tex. App.—Waco July 20, 2011, pet. denied); *Denton,* 2009 WL 471524, at *1; *Thomas v. Fitzgerald,* 166 S.W.3d 746, 747-48 (Tex. App.—Waco 2005, no pet.). Review of the trial court's rule 202 order by mandamus is thus proper. *Denton,* 2009 WL 471524, at *1. Accordingly, we dismiss for lack of jurisdiction Dallas's second issue in the interlocutory appeal.[6]

The trial court's order reads in part:

Petitioners are authorized to take the deposition of the City of Dallas on written questions, or acquire the documents through other lawful means, to which the City of Dallas is required to respond in accordance with the rules, and produce responsive documents. In addition, the Petitioners are further authorized to take depositions, each lasting up to three hours, [of] the corporate representative(s) of the City of Dallas or a person or persons whose identities are revealed in the documents to be produced by the Deposition on Written Questions, and appearance at such depositions are to focus on facts pertaining to the City of Dallas, and perhaps others, inducing Home Depot USA, Inc. to breach its agreements with the Petitioners, and other related matters.

In its second issue in the mandamus petition, Dallas first complains that the order impermissibly authorizes the production of documents. Regarding the production of documents by Dallas, the trial court's order is ambiguous as to how Navarro may acquire them: "Petitioners are authorized to … acquire the documents through other lawful means." To the extent that Dallas asserts that Navarro cannot request documents from Dallas under a traditional rule 168 request for production or a rule 205.3 subpoena duces

---

[6] A rule 202 order authorizing pre-suit depositions is reviewable for abuse of discretion. *Patton Boggs LLP v. Moseley,* 394 S.W.3d 565, 568-69 (Tex. App.—Dallas 2011, no pet.). A trial court abuses its discretion if it clearly fails to correctly analyze or apply the law. *Denton,* 2009 WL 471524, at *1. Because Dallas has filed both an interlocutory appeal and a mandamus, we note that, whether the trial court's rule 202 order is reviewable by interlocutory appeal or mandamus, our review and result would be the same in either proceeding.

tecum without deposition, we agree. *See* TEX. R. CIV. P. 198; 205.3.

Under rule 202, documents can be requested in connection with a deposition. Rule 202.4(b) provides that if "the order does not state the time and place at which a deposition will be taken, the petitioner must notice the deposition as required by Rules 199 or 200," and rule 202.5 provides that "depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit." *Id.* R. 202.4(b); 202.5. Rules 199 and 200 plainly allow for the production of documents with an oral deposition or a deposition on written questions. *Id.* R. 199.2(b)(5) (requiring the request for production of documents to comply with rule 205 if the witness is a nonparty); R. 200.1(b) (requiring the request for production of documents to comply with rule 199.2(b)(5); *see id.* R. 205.1(a-c); 205.2 (setting forth requirements for deposition of nonparty with request for production of documents). Accordingly, the trial court's order is not an abuse of discretion to the extent that it allows Navarro to obtain documents in an oral deposition under rule 199 or a deposition on written questions under rule 200.

Dallas next complains that the order impermissibly authorizes an unlimited number of depositions of persons who are unnamed because Navarro's petition does not name them and was not served on them.[7] We agree. Trial "courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011). Rule 202.2(g) requires the petition to "state the names,

---

[7] To avoid possible confusion, we do not consider the "corporate representative(s)" of Dallas to be an unnamed and unserved person. Rule 202.4(b) provides for noticing a deposition under rule 199, and rule 199.2(b)(1) provides for noticing the deposition of an organization, which must designate one or more individuals to testify.

addresses and telephone numbers of the persons to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each." *Id.* R. 202.2(g). And rule 202.3(a) requires service of the petition and a notice of the hearing on the petition on all persons to be deposed. *Id.* R. 202.3(a). The trial court thus abused its discretion in authorizing depositions of unnamed and unserved persons. We vacate that part of the trial court's order that authorizes the deposition of "a person or persons whose identities are revealed in the documents to be produced."

The trial court found that the likely benefit of allowing Navarro to take the requested depositions to investigate the potential claim outweighs the burden and expense of the procedure. Navarro's attorney testified at the hearing that the benefit of the few rule 202 depositions that are wanted far outweighs the burden and expense of the depositions, both for Navarro and for Dallas. Moreover, in Navarro's briefing, it emphasizes that it seeks rule 202 depositions on only one element of its potential claim for tortious interference—whether Dallas intentionally and willfully interfered with Navarro's tax-abatement agreements with Home Depot. We conclude that the trial court did not abuse its discretion in finding that the likely benefit of allowing the requested depositions to investigate the potential claim outweighs the burden and expense of the procedure. And because we have vacated that part of the order that authorizes depositions of unnamed persons and Navarro can take the deposition (oral and/or by written questions) of only the City of Dallas, the likely benefit is increased and thus further outweighs the burden and expense.

We sustain in part and overrule in part Dallas's second issue, as set forth above.

## Conclusion

In the interlocutory appeal, we affirm the trial court's order denying Dallas's plea to the jurisdiction. In the original proceeding, we grant mandamus relief in part and vacate that part of the trial court's March 25, 2015 order authorizing the deposition of "a person or persons whose identities are revealed in the documents to be produced." We remand this case to the trial court for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal affirmed in part and dismissed in part
Petition granted in part and denied in part
Opinion delivered and filed August 20, 2015
[CV06]

