

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00270-CV

———————————————

JOHNATHAN E. COOPER, Appellant

V.

CHARLES PATRICK REYNOLDS, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-299453-18

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In one issue, pro se Appellant Johnathan E. Cooper appeals from the denial and dismissal of his petition to take the pre-suit deposition of Tarrant County Magistrate Charles Patrick Reynolds pursuant to Texas Rule of Civil Procedure 202. We affirm.

### II. BACKGROUND

On May 3, 2018, Cooper filed his "[]Verified Petition to Take Deposition to Investigate Potential Claims." He named the "party to be served" as Charles Patrick Reynolds, who is the Post-Conviction Magistrate for Tarrant County and who presided over Cooper's habeas proceeding.

In the petition, Cooper requested an order authorizing him to take a deposition to investigate a potential claim pursuant to Texas Rule of Civil Procedure 202.2(h) and stated,

> Petitioner expects to elicit the following testimony from Charles Patrick Reynolds to determine whether he committed fraud to the court by intentionally signing a frivolous recommendation to dismiss petitioner's state habeas corpus application – Tr. Ct. No. C-297-011070-1031532-A by stating a lie that petitioner did not allege "any" collateral consequences in any of the documents pending before said November 28, 2017 court order recommendation to determine whether Charles Patrick Reynolds considered the entire record when making a recommendation or simply signs documents that are a lie without verification that are fraudulently induced by the State and had no intention of correcting the deceptive practices, despite being fully aware of the corruption/error causing obstruction of justice. Such filings

2

constituted fraud to the court in part because it was for [the] purpose of influencing a decision of court detrimental and prejudicial to petition[er].

*See* Tex. R. Civ. P. 202.2(h). Thereafter, Reynolds filed his answer and brief in opposition.

At the September 20, 2018 hearing on the Rule 202 petition, Cooper stated that he was "not seeking any mental impressions of Judge Reynolds" but rather wanted "to depose him on physical documents he signed related to [Cooper's] investigation of a potential claim or suit, material related to fraud, declaratory or injuncti[ve] relief, sanctions, criminal charges, or any other relief." Stating that "this is not some type of scheme or run-around game to back-door post-conviction relief," Cooper added that he was not seeking any money damages.

Responding to the trial court's question about what legal claim the deposition was an investigation of, Cooper replied, "[F]raud to the court[.]" After the trial court asked, "Fraud to which court?" Cooper responded, "To . . . the judiciary, . . . for all the courts here in the State of Texas." Then, the following exchange occurred:

> THE COURT: So what you're talking about is investigating events which occurred during Judge Reynolds' actual exercise as the judge of his court, correct?
>
> MR. COOPER: In part, yes.
>
> THE COURT: What's -- what's the "not in part"?
>
> MR. COOPER: Because I -- without being able to depose him, I don't know if there's something that might be done -- being done behind the scenes, whether there might be bribes done or anything like that.

. . . .

MR. COOPER: You know, if a judge's actions are inconsistent with proper performance of his duties or cast public discredit upon the state judiciary or administration judges -- of justice, a judge can be removed from his position, and that's another issue I'm -- I'm investigating, you know.

And the State claimed that Judge Reynolds reviews the entire record before signing any recommendation, but I believe I can prove that to be a lie to the Court during my investigation. I believe I would be able to elicit from Judge Reynolds that he does not perform ministerial acts of ruling and considering properly filed motions in habeas corpus, that he signs fraudulent documents without verification, that he defrauds society of their money by collecting a paycheck for a job he does not do. And I want to just stop any more future wrongs here and constitutional violations.

Reynolds responded that Cooper had failed to meet his burden under Rule 202.2(e) to state the subject matter of the anticipated action. Further, he contended that Cooper wanted to investigate issues that had occurred while Reynolds was acting in a judicial capacity and that the court would not have subject-matter jurisdiction over any proposed action. Finally, Reynolds believed that Cooper's ultimate goal was to attack his conviction and that he must do that through Texas Code of Criminal Procedure article 11.07.

At the conclusion of the non-evidentiary hearing, the trial court stated,

Well, the Court is going to deny the motion for Rule 202 deposition. The Court believes that the various causes of action that you have outlined as part of your argument and as part of your motion are either going to be protected under official immunity, governmental immunity, or you're not going to have standing under the law to assert those claims. And, so that being the case, the Court does not have jurisdiction to -- over those claims -- would not have jurisdiction over those claims and,

4

therefore, would not have jurisdiction to order the deposition that you have requested in this case.

Thereafter, the court signed an order denying the Rule 202 petition. This appeal followed.

### III. DISCUSSION

**A. Applicable Law**

Rule 202 of the Texas Rules of Civil Procedure allows a court to authorize a deposition "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1(b). Rule 202 "does not broadly authorize investigation of *any* action the petitioner may have based on future events." *In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (orig. proceeding). And, to authorize the deposition, the court must have subject-matter jurisdiction over the anticipated action. *In re Doe*, 444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding).

"Rule 202 is not a license for forced interrogations." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding). Rather, "[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *Id.* A party "cannot obtain by Rule 202 what it would be denied in the anticipated action." *Id.*

**B. Analysis**

In his brief, Cooper states that he initiated his Rule 202 petition "to investigate potential claims against a potential unnamed defendant for acts sounding in fraud to the court and for violation of his constitutional rights to a fair 11.07 Code [of]

5

Criminal Procedure process." Further, he adds, "The potential suit concerns relief for inju[n]ction and declaratory action as to the unfairness in future 11.07 applications, and to determine who the potential defendant may be." Cooper also argues that his claims are not protected by immunity as he is asserting an "ultra vires claim." However, in addition to failing to plead a cause of action within the ultra vires exception, his arguments and briefs fail to provide grounds upon which a Rule 202 deposition should have been granted.

Cooper's pleadings seek to depose Reynolds "to determine whether he committed fraud to the court by intentionally signing a frivolous recommendation to dismiss petitioner's state habeas corpus application." While Cooper stated at his Rule 202 hearing that his petition is "not some type of scheme or run-around game to back-door post-conviction relief[,]"he repeatedly referenced his "11.07" and habeas corpus in both his original petition and his brief and complains about judicial actions by Reynolds.

In *In re Reger*, an inmate sought to depose the trial judge who presided over his criminal trial to obtain evidence to nullify his felony conviction for murder. 193 S.W.3d 922, 923 (Tex. App.—Amarillo 2006, pet. denied). In affirming the order of dismissal of the Rule 202 petition, the court noted that the inmate's "effort to nullify [his] felony conviction must be undertaken via habeas corpus instituted per art. 11.07 of the Texas Code of Criminal Procedure." *Id.*; s*ee also Lara v. Prohl*, No. 04-12-00269-CV, 2012 WL 6030005, at *2 (Tex. App.—San Antonio Dec. 5, 2012, no

6

pet.) (mem. op.) (holding that a suit to depose a former judge who presided over the applicant's criminal trial was an attempt to seek criminal relief under civil Rule 202 and was improper). Similarly, Cooper's complaints about his conviction must be made pursuant to article 11.07 of the Texas Code of Criminal Procedure.

To the extent that he is not seeking relief from his criminal conviction, it is Cooper's burden to plead facts and to present evidence to show jurisdiction in order to secure a pre-suit deposition. *See Doe*, 444 S.W.3d at 610 (stating "[t]he burden is on the plaintiff in an action to plead allegations showing personal jurisdiction over the defendant[, and t]he same burden should be on a potential plaintiff under Rule 202"). Rule 202.2 provides that a petition must "state the subject matter of the anticipated action" and, if suit is anticipated, "state the names of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit" or state the names, addresses, and telephone numbers of and describe those persons if those people cannot be ascertained through diligent inquiry. Tex. R. Civ. P. 202.2(e), (f)(1)–(2). He did neither. While Cooper stated that he sought "to depose deponent to investigate a potential claim arising out of a fraudulently induced court document that transpired in November 28, 2017," he provided no details regarding the allegations in his petition. Further, although he identified Reynolds as the "Deponent/Respondent," he failed to state the names of the persons who might have an adverse interest to his anticipated suit or to describe those persons if those persons could not be ascertained.

Further, in his arguments to the trial court, he failed to offer any evidence. Rather, he made only general allegations of "fraud to the court." In addition, he did not articulate why taking the deposition may prevent a failure or delay of justice in an anticipated suit or why the benefit of allowing the deposition would outweigh the burden or expense of the procedure to Reynolds. *See* Tex. R. Civ. P. 202.4(a)(1)–(2).

Finally, he failed to explain why judicial immunity would not prevent the suit against Reynolds. "A magistrate has the same judicial immunity as a district judge." Tex. Gov't Code Ann. § 54.654. "When entitled to the protection of derived judicial immunity, an officer of the court receives the same immunity as a judge acting in his or her official judicial capacity—absolute immunity from liability for judicial acts performed within the scope of jurisdiction." *Dallas Cty v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105 (1978)); *see also Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *2 (Tex. App.—Texarkana Nov. 21, 2012, no pet.) (mem. op.) (affirming the dismissal of an inmate's lawsuit against a judge, district attorney and district clerk and stating that because the complaints were intimately associated with the judicial phase of the criminal process, the defendants were entitled to judicial immunity and derived judicial immunity—forms of absolute immunity).

A proper court to entertain a Rule 202 petition is a court that would have subject-matter jurisdiction over the underlying dispute or anticipated lawsuit. *Houston Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.]

8

2018, no pet.). And while Cooper argues that "[a] suit seeking to compel a governmental official to comply with statutory or constitutional provisions is an ultra vires suit and therefore is not protected by sovereign immunity," Cooper must still sufficiently allege and prove that the officer acted without legal authority or failed to perform a purely ministerial act in order to invoke the ultra vires exception to governmental immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). He has failed to do so.

Pursuant to Rule 202, Cooper failed to adequately plead or prove his request for a pre-suit deposition of Reynolds. Therefore, because the trial court did not err by denying Cooper's request and dismissing his Rule 202 petition, we overrule Cooper's sole issue.

## IV. CONCLUSION

Having overruled Cooper's sole issue, we affirm the trial court's order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: August 26, 2019

9